EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ELÍAS CONROIG VÁZQUEZ, acusado y apelante.

Núm. 9275.—*Sometido:* Marzo 20, 1942. *Resuelto:* Marzo 25, 1942.

*Carlos Santana Becerra,* abogado del apelante; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

El Fiscal del Distrito de San Juan formuló acusación contra Elías Conroig Vázquez en los siguientes términos:

"El Fiscal formula acusación contra Elías Conroig Vázquez residente en . . . preso en la Cárcel del Distrito de San Juan, por un delito de subsiguiente de robo (*felony*), cometido de la manera siguiente: El referido acusado, Elías Conroig Vázquez, allá por uno de los días del mes de septiembre de 1941, y en San Juan, Puerto Rico, que forma parte del distrito judicial de San Juan, P. R., ilegal, voluntaria y maliciosamente, se apoderó criminalmente de un estuche conteniendo unos espejuelos, valorados en la suma de más de diez dólares, pertenecientes a Carlos García, de cuya persona los sustrajo allí y entonces.—Y alega el fiscal que suscribe que el referido acusado Elías Conroig Vázquez allá por el día 1 de marzo de 1935

fué sentenciado por la corte de distrito de San Juan a cumplir diez años de presidio, sentencia que es firme, y no ha sido revocada, anulada o dejada sin efecto.''

En enero 14, 1942, se celebró el juicio. Compareció el acusado en persona, asistido de abogado, y el Pueblo por su fiscal. Se constituyó el jurado. Se practicó la evidencia y sometídale la causa, el jurado rindió el siguiente veredicto: ''Declaramos al acusado culpable del delito de Hurto Mayor Subsiguiente.'' Solicitó el propio acusado que se dictara en el acto la sentencia y la corte le impuso diez años de presidio con trabajos forzados.

Dos días después el acusado interpuso el presente recurso de apelación, y elevado el récord, que no contiene la evidencia practicada, señaló en su alegato tres errores como cometidos por la corte al declararlo convicto a virtud de un veredicto nulo por basarse en una acusación ''que no aducía hechos suficientes constitutivos del delito de robo''; al sentenciarlo como consecuencia de un veredicto nulo por haberlo sido por un delito distinto del imputado, y al declararlo culpable fundándose en un veredicto sustancialmente defectuoso.

Argumentando su primer señalamiento de error, el apelante sostiene con razón a nuestro juicio que la acusación formulada por el delito de robo no aduce hechos suficientes para imputarle ese delito, ya que no alega que la apropiación del estuche por parte del acusado lo fuera contra la voluntad de su dueño, por medio de violencia o intimidación. Art. 238 del Código Penal.

Pero si bien es ello así, como aduce hechos bastantes para imputar el delito de hurto de mayor cuantía, no erró la corte al estimarla suficiente. El error que se advierte es de forma, no de substancia. Ésta se encuentra no en el título, sino en los hechos.·

''Lo substancial en las acusaciones o denuncias no es el nombre que se dé al delito, sino los hechos imputados. Así, cuando los hechos alegados determinan un delito y erróneamente se les califica de otro, la acusación o denuncia no es

fatalmente defectuosa," dijo esta corte en *Pueblo* v. *Canals,* 48 D.P.R. 794, 795, e igual doctrina sostuvo en *Pueblo* v. *Rodríguez,* 46 D.P.R. 542, 543.

▆▆ Los dos otros errores que se señalan lo son, como sabemos, contra el veredicto, alegándose que técnicamente no hay delito alguno en el Código calificado como "subsiguiente de robo" o "hurto mayor subsiguiente," y que el jurado no cumplió con la ley que dispone—art. 285 del Código de Enjuiciamiento Criminal—que:

"Siempre que el hecho de haber sido anteriormente convicto de otro delito estuviere consignado en alguna acusación, y el jurado declarare en su veredicto ser culpable el reo del delito de que se le acusa, deberá declarar también, si fué o no convicto anteriormente conforme a la acusación, a menos que el mismo reo lo hubiere confesado. El veredicto del jurado en el caso de una acusación de haber sido el reo anteriormente convicto, podrá formularse así: 'Declaramos que la imputación de haber sido anteriormente convicto, es verdad' o 'Declaramos que la imputación de haber sido anteriormente convicto, no es verdad', según el caso.''

Desde hace cerca de cuarenta años esta corte en *El Pueblo* v. *Cristy,* 9 D.P.R. 584, dejó establecida la regla de que "las objeciones contra el veredicto, deberán formularse en la corte inferior, a fin de dar a ésta la oportunidad de corregir los defectos de que adoleciere.''

Y aquí no sólo no consta que el acusado hiciera impugnación alguna en la corte inferior al veredicto, si que consta que una vez rendido y recibido por la corte, el acusado pidió a ésta que dictara la sentencia que procediera en el acto.

Es cierto que el jurado no siguió al pie de la letra lo que ordena la ley, como debió hacerlo, pero en ausencia de objeción a tiempo puede considerarse la forma que adoptó como un cumplimiento substancial del estatuto. El título IV del Código Penal está dedicado a los "Delitos subsiguientes". "El reo que, habiendo sido convicto de algún delito castigado con pena de presidio, cometiere cualquier delito, después de dicha convicción, tal reo será castigado por el subsiguiente

delito según se especifica a continuación: . . .", dice el párrafo primero de su primer artículo que es el 56 del Código.

No se trata de un delito distinto en sus elementos integrantes al regular imputado, sino que ha sido cometido después de haber sido el reo convicto de otro, circunstancia que sólo se alega, prueba y toma en consideración a los efectos de la imposición de la pena de acuerdo con la ley.

Lo que se hace por virtud de la acusación es llevar a la consideración del jurado y de la corte además de la comisión del delito que surge de los hechos imputados al acusado, la circunstancia de que éste es reincidente, regulándose su reincidencia por lo prescrito en los repetidos preceptos del Código Penal—Arts. 56 a 61—o por la ley especial que sea aplicable como en el caso de adulteración de leche, ley de marzo 10, 1910. pág. 167, Código Penal, ed. 1937, pág. 259.

Por virtud de todo lo expuesto aunque reconozcamos como reconocemos que la práctica seguida en este caso fué errónea, debemos resolver como resolvemos que los errores cometidos no demuestran que se haya realizado injusticia alguna en contra del acusado. A éste se imputó la comisión de un hecho realmente constitutivo de delito y, además, la circunstancia de ser reincidente. De acuerdo con la evidencia que el representante del Pueblo le presentara, el jurado encontró que el acusado era autor de tal hecho y que la circunstancia concurría, y la corte dictó sentencia imponiéndole una pena que está dentro de los límites que fija el estatuto.

No hay motivo suficiente para la revocación. *El recurso deberá declararse sin lugar y confirmarse la sentencia.*

El Juez Asociado Sr. Travieso no intervino.