El Pueblo de Puerto Rico, demandante y apelado, *v.* Víctor Almodóvar, acusado y apelante.

Núm. 9598.—*Sometido:* Enero 21, 1943. *Resuelto:* Marzo 31, 1943.

*Francisco González, Jr.*, abogado del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar*, abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

El Fiscal de Distrito de Humacao formuló acusación contra Víctor Almodóvar por un delito subsiguiente de escalamiento en primer grado. Mientras desfilaba la prueba de cargo el acusado por medio de su abogado admitió que había sido sentenciado anteriormente por la Corte Municipal de Humacao por un delito de hurto de menor cuantía a cumplir seis meses de cárcel y que dicha sentencia la cumplió. Presentada prueba por la defensa y sometido el caso al jurado éste trajo un veredicto declarando al acusado culpable del delito de escalamiento en primer grado sin incluir en el mismo la calificación de subsiguiente.

Al celebrarse el juicio contra este acusado estaba actuando como Juez Interino de la Corte de Distrito de Humacao el Juez Sr. Luis Janer, pero el día que fué sentenciado a cumplir 15 años de presidio ya el juez en propiedad de dicha corte Sr. Rafael Arjona Siaca se había reintegrado a su cargo, siendo éste el que lo sentenció. Contra esta sentencia estableció el acusado el presente recurso de apelación en el que imputa a la corte inferior la comisión de cuatro errores.

Por los tres primeros arguye el apelante que fué convicto de un delito distinto al imputado en la acusación debido a que el veredicto del jurado lo declaró culpable de escalamiento en primer grado, mientras que en la acusación se le imputó el de subsiguiente de dicho delito; que no se instruyó al jurado sobre este delito subsiguiente y que la sentencia dictada por el Juez Sr. Arjona Siaca es nula por no haber sido dicho juez quien presidió el juicio sino el juez substituto Sr. Janer.

■■ Habiendo aceptado el acusado durante el juicio que había sido condenado a y cumplido seis meses de cárcel por un delito de hurto menor, no era necesario que el juez instruyera al jurado sobre la naturaleza de los delitos subsiguientes. El veredicto del jurado tenía que circunscribirse a resolver si el acusado había cometido o no el único delito obre el cual versó la prueba, es decir, el de escalamiento en primer grado.

El artículo 285 del Código de Enjuiciamiento Criminal exige que el jurado, al declarar al acusado culpable del delito que se le imputa, también declare si fué o no convicto anteriormente conforme la acusación, *"a menos que el mismo reo lo hubiera confesado."* (Bastardillas nuestras.)

En el caso de autos el acusado confesó que había sido convicto anteriormente y que había cumplido la sentencia impuéstale y, por tanto, de acuerdo con el precepto citado el jurado no tenía que determinar en su veredicto si el acusado había sido o no convicto anteriormente.

■ En cuanto a la contención del apelante de que fué convicto de un delito distinto al imputado en la acusación, la misma cuestión fué suscitada en el caso de *Pueblo* v. *Conroig,* 60 D.P.R. 168, y resolviéndola dijimos que: "No se trata de un delito distinto en sus elementos integrantes al regular imputado, sino que ha sido cometido después de haber sido el reo convicto de otro, circunstancia que sólo se alega, prueba y toma en consideración a los efectos de la imposición de la pena de acuerdo con la ley."

■ Arguye por último el apelante que la sentencia es nula porque el Juez Sr. Arjona no estaba facultado para actuar por no haber intervenido en el juicio. Esta misma cuestión fué planteada en el caso de *Pueblo* v. *Lebrón* (a) *Tito,* resuelto el 29 de marzo de 1943, 61 D.P.R. 657 y en el cual esta Corte después de hacer referencia a los casos citados en la monografía que se encuentra en 114 A.L.R. 435, resolvió que "si bien es una práctica que no debe alentarse,

sin embargo, cuando concurren como en este caso circunstancias extraordinarias que impiden al juez que empezó el juicio dictar la sentencia, si el dictarla otro juez no causa perjuicio al acusado, la sentencia es válida.''

En el caso de autos aún cuando la circunstancia de haber cesado el juez interino Sr. Janer en sus funciones al reintegrarse en su cargo el juez en propiedad Sr. Arjona Siaca, no pueda calificarse de extraordinaria pues pudo el primero obtener una comisión para continuar actuando en aquellos casos vistos ante él pendientes de resolución definitiva, no se ocasionó perjuicio alguno al acusado por la sentencia dictada por el Juez Sr. Arjona.

Dispone el artículo 57 del Código Penal que:

''Todo reo convicto de hurto de menor cuantía . . . si cometiere cualquier otro delito después de dicha convicción será castigado según se expresa a continuación:

''1. . . . . . . .

''2. Si el subsiguiente delito fuere de tal naturaleza que, en primera convicción, aparejaría pena de presidio temporal, dicho reo será castigado con pena de reclusión temporal en su *grado máximo*, convicto que fuere del delito por primera vez.

''3. . . . . . . . .''

(Bastardillas nuestras.)

Y de acuerdo con el artículo 410 del Código Penal el delito de escalamiento en primer grado se castiga con pena de presidio de 1 a 15 años. Tenemos, por lo tanto, que si de acuerdo con el artículo 57, supra, debe castigarse al reo en el delito subsiguiente con la pena en su grado máximo, la pena de quince años impuesta en este caso era mandatoria, tanto para el juez en propiedad Sr. Arjona como para el juez interino Sr. Janer, de haber sido éste quien la hubiera dictado.

■ Por el último señalamiento de error alega el apelante que el veredicto del jurado es contrario a la prueba. Hemos examinado la transcripción de la evidencia y estamos convencidos de que este error carece de méritos. Como parte

de la prueba de cargo declaró la testigo Teodora Laíz, quien identificó al acusado como el hombre que penetró en la casa de Bernardo Tirado, por haber pasado por debajo de la hamaca donde ella dormía y al ella despertarse lo vió entrar y salir de la habitación del dueño de la casa; que el acusado tenía un pantalón debajo del brazo en el cual Tirado ya había declarado que tenía $100; que ella pudo identificar al acusado por ser el mismo que acostumbraba venderle carne de cabro a la dueña de la casa y a quien le llamaban por mal nombre "carne vieja"; que ella gritó después que salió el acusado y se fué a la cama de la esposa de Tirado a quien le informó lo que había visto pero que ésta le dijo que se durmiera que eso era una pesadilla, pero al día siguiente se corroboró el hecho de que faltaba el pantalón con los $100, apareciendo más tarde el pantalón cerca de un alambre en los alrededores de la casa. La única prueba de descargo consistió en la declaración del propio acusado quien se limitó a negar el hecho de haber penetrado en la noche de autos en la casa de Tirado.

El jurado dirimió el conflicto que hay en esta prueba dando crédito a la declaración de la testigo Teodora Laíz y al así hacerlo somos de opinión que no cometió error.

*Debe confirmarse la sentencia apelada.*

Los Jueces Presidente Sr. Del Toro y Asociado Sr. Travieso no intervinieron.