EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MANUEL ARTEAGA TORRES, acusado y apelante.

*Número:* CR-65-157    *Resuelto:* 4 de febrero de 1966

*Edna Abruña Rodríguez,* abogada del apelante; *J. B. Fernández Badillo, Procurador General,* y *Manuel Tirado Viera, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR SANTANA BECERRA emitió la opinión del Tribunal.

A virtud de nuestra Resolución de 17 de septiembre de 1965, consideramos en este recurso si en las circunstancias concurrentes fue un serio error que dé lugar a la revocación del fallo la disolución definitiva del jurado que entendió en el

primer juicio celebrado contra el apelante y su segundo procesamiento por el mismo delito.

El apelante fue acusado de robo en grado subsiguiente. Antes de comenzar su juicio aceptó esta alegación. Practicada la prueba la Sala sentenciadora sometió el caso al jurado. Momentos después la propia Sala llamó al jurado ya deliberando y lo disolvió por el fundamento de que inadvertidamente había pasado al jurado una acusación en que estaban incluidos los delitos subsiguientes. El caso fue visto en segunda ocasión y se produjo la convicción de robo objeto de este recurso. En este segundo proceso el apelante solicitó el archivo del caso por razón de lo ya expresado: la disolución del jurado en el proceso anterior. La Sala declaró sin lugar la moción de archivo.

Dispone la Constitución del Estado Libre Asociado que "Nadie será puesto en riesgo de ser castigado dos veces por el mismo delito". Art. II, Sec. 11. Dispone el Art. 169 del Código de Enjuiciamiento Criminal que si el acusado hubiere sido convicto o absuelto de una acusación, *o estado en peligro alguna vez por la misma,* tal convicción absolución o *peligro* constituirá excepción perentoria a la nueva acusación por el delito imputado en la anterior.

En relación con las anteriores disposiciones la Regla 144 de las de Procedimiento Criminal de 1963 autoriza la disolución del jurado *antes del veredicto,* entre otros motivos: "(d) Si se hubiere cometido algún error o se hubiere incurrido en alguna irregularidad durante el proceso que, a juicio del tribunal, le impidiere al jurado rendir un veredicto justo e imparcial". En los casos de la Regla 144 la misma autoriza un segundo proceso.

El hecho de que al disolver un jurado *antes del veredicto* —sin que sea a petición o con la aquiescencia del acusado—, el Tribunal actúe bajo los supuestos del apartado (d) arriba transcrito de la Regla 144, no establece *per se* la validez de un segundo proceso por el mismo delito. El fundamento de

lo dicho es que existe la garantía de orden constitucional, que protege al acusado no contra ser castigado dos veces sino contra *ser puesto en riesgo* de ser castigado dos veces por el mismo delito. *Downum* v. *United States,* 372 U.S. 734, 736; *Green* v. *United States,* 355 U.S. 184, 188; *United States* v. *Ball,* 163 U.S. 662, 669.

Por lo tanto, la cuestión ante nos debe afrontarse no sólo a la luz de la autoridad permisible de la Regla 144 sino satisfaciendo además aquellas normas constitucionales que rigen la materia y que también harían permisible o no un segundo proceso sin que se violara la garantía. Puede decirse en síntesis de esas normas, que cuando ocurran circunstancias en que los fines de una justicia sustancial no puedan lograrse y exista una manifiesta necesidad de así hacerlo, de modo que no se derroten los mejores fines de la justicia, un juicio puede descontinuarse y disolverse el jurado sin el consentimiento del acusado o aun ante su objeción, sin que por ese solo hecho un segundo enjuiciamiento por el mismo delito quede al margen de la garantía constitucional. Es norma complementaria de lo anterior que la descontinuación de un juicio en esas circunstancias debe ser producto de una sana y juiciosa discreción; la facultad debe ejercitarse con la mayor cautela, por consideraciones obvias de peso, y ante una necesidad manifiesta de así hacerlo. *United States* v. *Tateo,* 377 U.S. 463; *Gori* v. *United States,* 367 U.S. 364, 367; *Wade* v. *Hunter,* 336 U.S. 684; *United States* v. *Pérez,* 9 Wheat 579. [1]

Con miras a lo expuesto, veamos las circunstancias en que se descontinuó el proceso en el presente caso. Al apelante se le imputó un delito de robo porque se apoderó por la fuerza y la violencia y contra la voluntad del perjudicado, de dos billetes de la lotería de Puerto Rico y de un sombre-

---

[1] Cf. *Pueblo* v. *Collazo,* 51 D.P.R. 451 (1937); *Pueblo* v. *Tribunal de Distrito y Colón, Int.,* 74 D.P.R. 838 (1953); *Pueblo* v. *Rosado,* 76 D.P.R. 387 (1954); *Soto* v. *Tribunal Superior,* 90 D.P.R. 517 (1964).

ro. La acusación contenía además las siguientes alegaciones: Que el apelante había sido sentenciado por tentativa de robo el 14 de febrero de 1955 a la pena de uno a dos años de presidio, y que había sido sentenciado en 8 de febrero de 1957 por escalamiento en primer grado a la pena de uno a tres años de presidio.

Desde *Pueblo* v. *Beltrán,* 73 D.P.R. 509, 517 (1952), hemos estado sosteniendo que no es propio en ley el que pasen al jurado las alegaciones de la comisión de otros delitos contenidas en la acusación para demostrar reincidencia, cuando, por haberse aceptado el hecho, no hay controversia alguna ante al jurado sobre el particular. Véanse: *Pueblo* v. *González,* 80 D.P.R. 208, 210 (1958); *Pueblo* v. *Colón,* 81 D.P.R. 331, 334 (1959); *Pueblo* v. *Aponte González,* 83 D.P.R. 511, 517 (1961). Ya habíamos dicho en *Pueblo* v. *Cancio,* 53 D.P.R. 547, 549 (1938), que el calificativo de subsiguiente antepuesto a la denominación de un delito no varía ni altera en manera alguna los elementos constitutivos del mismo. No se trata de un delito distinto en sus elementos, sino cometido después de ser convicto de otro, circunstancia que sólo se alega y se toma en consideración a los efectos de la imposición de la pena. *Pueblo* v. *Conroig,* 60 D.P.R. 168 (1942); *Pueblo* v. *Almodóvar,* 61 D.P.R. 685 (1943).

La norma de evitar que pase al jurado una acusación con la alegación de haberse cometido otros delitos cuando ésta se ha aceptado tiene su profunda razón de ser, más que en la mera inobservancia de un precepto estatutario, Art. 285 del Código de Enjuiciamiento Criminal según se ha interpretado, en el hecho básico de que no debe juzgarse a una persona sino por el delito específico que se le imputa y, excepto en los casos permisibles por vía de excepción para determinados fines y propósitos, permitir que el jurado se informe de la comisión de otros delitos que no están siendo juzgados puede producir un veredicto que no sea el producto enteramente de un juicio justo e imparcial.

■ En las circunstancias particulares de este caso, ese pudo haber sido el resultado. *United States* v. *Tateo; Gori* v. *United States,* antes citados. Según cita el Juez Sr. Douglas disintiendo en *Gori,* a la pág. 371, el derecho valioso de un acusado a que su juicio se termine por el tribunal a veces debe quedar subordinado al interés público en juicios justos que terminen en fallos justos. No tenemos la transcripción taquigráfica de la prueba de cargo en el primer proceso. Pero si fue como la del segundo, pudo haberse suscitado ante el jurado un problema de credibilidad del testimonio del perjudicado, único sobre los hechos, para resolver el cual el conocimiento del jurado de la comisión de estos otros delitos por el apelante le habría sido altamente perjudicial. En el área aun más subjetiva de la credibilidad en el proceso subjetivo de formación de juicio, una instrucción al efecto de que no se tomaran en cuenta esos delitos no hubiera sido, si es que pudiera serlo en algún momento, una manera eficaz de evitar el daño. Al pasar sobre la actuación de un tribunal decretando la disolución del jurado, aun sobre la objeción del acusado, es preciso considerar que el juez de instancia está mejor situado para hacer una evaluación inteligente de la situación que motiva la disolución.

■ Conscientes a plenitud de la norma de cautela que demanda la garantía constitucional contra el ser puesto en riesgo de ser castigado dos veces por el mismo delito, y dejándole a la Sala sentenciadora un margen de sana discreción, no nos parece en las circunstancias de este caso que su actuación disolviendo el jurado para corregir una irregularidad que con razón creyó ser dañina al apelante fuera de tal naturaleza caprichosa o injustificada o innecesaria, que constituyera una violación del referido precepto constitucional.

No cometió error la Sala sentenciadora al no decretar el archivo y sobreseimiento de este proceso por razón de haber

estado puesto el apelante en peligro de ser castigado dos veces por el mismo delito. *Se confirmará la sentencia apelada.*