EFRAÍN RÍOS MORA, peticionario, *v*. TRIBUNAL SUPERIOR, SALA DE SAN JUAN, HON. CÉSAR BOBONIS DÍAZ, JUEZ, demandado; EL PUEBLO DE PUERTO RICO, interventor.

*Número:* C-65-117      *Resuelto:* 28 de junio de 1967

118

*Santos P. Amadeo* y *Ernesto Maldonado Pérez,* abogados del peticionario; *J. B. Fernández Badillo, Procurador General,* y *Manuel Tirado Viera, Procurador General Auxiliar,* abogados del interventor.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

El recurrente fue acusado del delito contra natura cometido mediante coacción en la persona de un niño de trece

años. Fue sometido a juicio ante jurado. En la acusación se le imputó que los hechos por los cuales se le procesaba ocurrieron "allá en o para los primeros días de la primera semana de septiembre de 1964". Durante el juicio el perjudicado declaró que los hechos ocurrieron en la fecha a que alude la acusación. Otro testigo afirmó que ocurrieron el día 8. Al finalizar la prueba de cargo el fiscal suplica al tribunal "que se tenga por enmendada la acusación para que lea que los hechos ocurrieron en el mes de septiembre comenzando el ocho de septiembre para ser específico."

El juez permite la enmienda amparándose en lo dispuesto en la Regla 38 (d) (¹) de las de Procedimiento Criminal de 1963, e inquiere del acusado si no se opone "a que este proceso se posponga para otra fecha para celebrarse ante otro jurado y se disuelva el actual jurado que está actuando."

La defensa informa que se opone a la disolución del jurado y a que se continúe la celebración del juicio. (²) El juez

---

(¹) Dispone así:

"(d) *Incongruencia entre las alegaciones y la prueba.* El tribunal podrá permitir enmiendas a la acusación, a la denuncia o a un escrito de especificaciones en cualquier momento antes de la convicción o absolución del acusado, en caso de que hubiere incongruencia entre estas alegaciones y la prueba. La incongruencia o desacuerdo entre las alegaciones y la prueba no será fundamento para la absolución del acusado; pero el tribunal, siempre que el acusado no se opusiere, deberá posponer el juicio si es de opinión que los derechos sustanciales del acusado se han perjudicado, para celebrarlo ante otro jurado o ante el mismo tribunal si el juicio no fuere por jurado, y según el tribunal determinare.

"Si la incongruencia o desacuerdo es de tal naturaleza que la prueba estableciere un delito distinto del imputado, no incluido en éste, o estableciere la comisión de un delito fuera de la competencia del tribunal, se deberá disolver el jurado y se sobreseerá el proceso."

(²) Luego que el fiscal propone la enmienda a la acusación el récord revela que ocurrió lo siguiente:

"LIC. AMADEO:

Pues, tendríamos que empezar otro juicio para darle la oportunidad a la Defensa para prepararse.

"HON. JUEZ:

Perdóneme, a la solicitud que hace el Ministerio Público para que le permitamos hacer la enmienda a la acusación y al bill de particulares,

opta por disolver el jurado. Lo señala para nuevo juicio.

El día señalado para la vista la defensa solicita término para radicar una moción alegando exposición anterior. Radicada la moción y discutida la cuestión planteada se declaró

para conformar, tanto la acusación como el bill, a la prueba que él ha ofrecido, el Tribunal la declara con lugar, se le permite la enmienda solicitada. Ahora bien, de acuerdo con la regla 38, que los *compañeros* conocen, dice la misma que una vez concedida la enmienda, siempre que el acusado no se opusiere, deberá el Tribunal posponer el juicio, si es de opinión que los derechos del acusado, sustancialmente se han perjudicado, para celebrarle el juicio ante otro jurado o ante el Tribunal, si el juicio no fuere por Jurado. Debo entender, entonces, y debo preguntarles si los compañeros de la Defensa entienden que los derechos de este acusado han sido o podrán ser afectados fundamentalmente por la enmienda que ha consentido el Tribunal.

"LIC. AMADEO:

Claro, además le vamos a adelantar al Tribunal que si este caso vuelve a juicio, vamos a plantear la cuestión de 'doble [sic] jeopardy'.

"HONORABLE JUEZ:

Lo que va a plantear en otro proceso lo hace más tarde. Entonces, ¿los compañeros no se oponen a que este proceso se posponga para otra fecha para celebrarse ante otro jurado y se disuelva el actual jurado que está actuando?

"LIC. AMADEO:

Nosotros nos oponemos, tomamos excepción al 'ruling' de Su Señoría permitiendo la enmienda.

"HONORABLE JUEZ:

Ya eso está resuelto, la enmienda está permitida en cuanto a eso, los compañeros en su día podrán levantar las cuestiones de derecho.

"LIC. AMADEO:

Ahora no vamos a renunciar nada, Su Señoría que resuelva de acuerdo a su criterio.

"HONORABLE JUEZ:

El Tribunal entiende que los derechos sustanciales de este acusado pueden ser afectados por la enmienda solicitada por el Ministerio Público y permitida por el Tribunal, y debe preguntar para resolver si los compañeros se oponen a que este proceso se posponga para verse ante otro jurado.

"LIC. AMADEO:

Nos oponemos porque creemos que sería un 'doble jeopardy'.

"HONORABLE JUEZ:

¿Entienden los compañeros que debe continuarse con este proceso?

sin lugar. Para revisar esa resolución expedimos el presente recurso de *certiorari*.

Luego que el fiscal propuso la enmienda a la acusación, uno de los abogados de la defensa manifestó que ". . . ten-

---

"LIC. AMADEO:

No, Vuestro Honor, si nos permite, estamos indefensos.

"HONORABLE JUEZ:

Entonces, ¿no quieren celebrarlo ni ahora ni después?

"LIC. AMADEO:

Ese es un asunto que compete a la discreción de Su Señoría.

"HONORABLE JUEZ:

Pero, perdóneme, tiene que contestar categóricamente si se oponen a que se suspenda este proceso.

"LIC. MALDONADO PÉREZ:

Con la Venia del Tribunal, vemoa [*sic*] la situación que cre [*sic*] la regla a la cual Vuestro Honor se ha referido una y otra vez, sin embargo, el oponernos en este momento a la continuación de la vista en su fondo de este juicio, equivale a una renuncia de parte de nosotros de los derechos que le asiste al acusado y entendemos, Vuestro Honor, que además de la enmienda introducida por la propuesta y aceptada por el Tribunal en este caso afectaría los derechos sustanciales del acusado, cualquier cuestión de derecho, Vuestro Honor, que pudiera suscitarse en una fecha subsiguiente, tendría que suscitarse en la fecha subsiguiente y hacerlo ahora conlleva adelantar un juicio, de manera que no podríamos oponernos en ese sentido estrictamente, Vuestro Honor, a la posposición de este caso, habida cuenta de la situación que le crea a Su Señoría las Reglas de Procedimiento Criminal, específicamente la regla 38 de Procedimiento Criminal, sin que se entienda que cualquier derecho constitucional que a nuestro entender asista al acusado, pueda ser suscitado en su día cuando regresemos ante este Honorable Tribunal, si es que así Su Señoría lo ordena.

"LIC. AMADEO:

O sea, que nosotros no renunciamos.

"HONORABLE JUEZ:

¿Se opone el compañero a continuar la vista del caso?

"LIC. AMADEO:

Exacto. Eso no es una renuncia al derecho que tiene el acusado a hacer los planteamientos que corresponda en su día.

"HONORABLE JUEZ:

Luego entonces, traígase al Jurado.

Señores del Jurado, el Ministerio Público, el fiscal del Distrito, al terminar su prueba, solicitó del Tribunal que se le permitiera enmendar la acusación para conformarla a las alegaciones de la acusación, o las

dríamos que empezar otro juicio para darle la oportunidad a la Defensa para prepararse". Es después que el tribunal permite que la acusación se enmiende que la defensa adopta la posición de oponerse a la continuación de la vista y de no dar su consentimiento para la disolución del jurado y la celebración de un nuevo juicio.

Sin entrar a considerar si en verdad era necesaria la enmienda propuesta por el ministerio público ya que aparentemente no existía tal incongruencia o desacuerdo entre las alegaciones y la prueba que ameritara la aplicación de la Regla 38(d), lo cierto es que la actuación del tribunal al permitir la enmienda no afectó el derecho del acusado a un juicio justo e imparcial. La corte al permitir la enmienda ofreció a la defensa la alternativa de continuar la vista o disolver el jurado y concederle un nuevo juicio. Pero la defensa no aceptaba ni lo uno ni lo otro.

La actitud asumida por la defensa en el sentido de oponerse a la continuación de la vista obligó al magistrado que presidía el tribunal a adoptar la medida que creyó menos perjudicial al acusado que era disolver el jurado y empezar

---

alegaciones de la acusación con la prueba que ofreció a través de unos testigos; también solicitó el Ministerio Público que se le permitiera enmendar una contestación a un bill de particulares; a ella se opusieron los abogados del acusado; el Tribunal, a la luz de una disposición de la Regla de Procedimiento Criminal, la regla 38, permitió al fiscal y ordenó que la acusación fuera enmendada en esta etapa del procedimiento; también declaró con lugar la solicitud del Ministerio Público solicitando se enmendara el bill de particulares; pero, este Tribunal entiende, y así lo entienden los abogados de este acusado, que los derechos sustanciales del acusado pueden ser y son afectados por la resolución que ha tomado este Tribunal, al permitir la enmienda solicitada, y a la luz de las disposiciones de la Regla 38 de Procedimiento Criminal, este Tribunal, al ordenar la enmienda que solicitó el Ministerio Fiscal, debe y así lo hace, ordenar la disolución de este Jurado que ha venido actuando en este caso para que sea otro jurado el que oiga la prueba a la luz de la acusación nueva que se ha convertido al solicitar el fiscal sea enmendada dicha acusación para conformarla a la prueba que él había ofrecido. Por dicho motivo, el Tribunal disuelve el Jurado, le da las gracias por haber actuado hasta este momento y ordena la celebración de un nuevo juicio contra el aquí acusado, que señala para. . . ."

otro juicio. Era la menos perjudicial pues dada la actitud de la defensa de oponerse a la continuación del juicio, la corte hubiera tenido que nombrarle otro abogado, quien evidentemente no podía, aunque se pospusiera la continuación de la vista para que conferenciara con el acusado y los testigos, brindarle la misma asistencia que los abogados que le habían asistido desde el comienzo del proceso y que conocían todos los pormenores de la prueba. Un nuevo juicio ciertamente era más beneficioso al acusado.

■ La Regla 38(d) tiene su origen en el Art. 184 del Código Modelo[3] y en el Art. 1009 del Código Penal de California. En California cuando se permite la enmienda de una acusación para ajustarla a la prueba es discrecional del tribunal conceder un nuevo juicio y su determinación generalmente es respetada aunque se ha establecido que esa discreción no puede ser ejercitada en tal forma que prive a un acusado de su derecho a preparar debidamente su defensa. *People* v. *Murphy*, 382 P.2d 346 (1963). El propósito de estas disposiciones es impedir que se malogre la administración de la justicia cuando existen discrepancias entre la prueba y la acusación, pero salvaguardando a la vez los de-

---

[3] Dispone así la Regla 184 en su parte pertinente:
"Section 184. *Defects, variances and amendment.*
"(1) .          .          .          .          .          .          .          .
"(2) No variance between those allegations of an indictment, information or bill of particulars, which state the particulars of the offense, whether amended or not, and the evidence offered in support thereof shall be ground for the acquittal of the defendant. The court may at any time cause the indictment, information or bill of particulars to be amended in respect to any such variance, to conform to the evidence.
"(3) If the court is of the opinion that the defendant has been prejudiced in his defense upon the merits by any such defect, imperfection or omission or by any such variance the court may because of such defect, imperfection, omission or variance, unless the defendant objects, postpone the trial, to be had before the same or another jury, on such terms as the court considers proper. In determining whether the defendant has been prejudiced in his defense upon the merits, the court shall consider all the circumstances of the case and the entire course of the prosecution."

rechos de un acusado a tener un juicio imparcial y justo con amplia oportunidad de preparar su defensa. *People* v. *Shutler*, 59 P.2d 1050 (Cal. 1936). Bajo nuestro procedimiento anterior a las Reglas de 1963, procedía la enmienda a la acusación si no variaba el delito imputado en la misma, pero nada se disponía sobre la concesión de un nuevo juicio, como lo dispone la regla ahora vigente. Ver *Pueblo* v. *Calero*, 68 D.P.R. 316, 326 (1948) y Art. 158 del Código de Enjuiciamiento Criminal.

La Regla 38(d), sin embargo, establece mandatoriamente que cuando se enmienda una acusación para ajustarla a la prueba presentada, el tribunal, si "es de opinión que los derechos sustanciales del acusado se han perjudicado," deberá conceder un nuevo juicio. Ver *Pueblo* v. *Rodríguez Marrero*, 90 D.P.R. 487 (1964). Así, la regla expresa que "la incongruencia o desacuerdo entre las alegaciones y la prueba no será fundamento para la absolución del acusado, pero el Tribunal . . . deberá posponer el juicio si es de opinión que los derechos sustanciales del acusado se han perjudicado . . .". Es una garantía adicional al acusado de que tendrá oportunidad de preparar adecuadamente su defensa. Ahora bien, el acusado podría llegar a la conclusión que le es más beneficioso continuar con la vista del caso después de admitida la enmienda y por eso se condiciona lo expuesto en la regla. Se pospondrá y se concederá un nuevo juicio siempre que el acusado no se opusiere. Es un privilegio que le da la regla al acusado. Pero ya hemos visto que en este caso el acusado expresó su oposición a que se disolviera el jurado y objetó a que se continuara el juicio que se estaba celebrando. El acusado pretende que su actuación rechazando la aplicación de las disposiciones de la Regla 38(d) sirva para frustrar la administración de la justicia. El abogado como funcionario del tribunal además de velar por los derechos del acusado tiene la obligación de velar por la debida realización de la justicia. En su misión de defender a un

acusado no debe adoptar posiciones que interrumpan su justa administración.

■ ¿Podría en las circunstancias presentes en este caso invocarse el impedimento de exposición anterior para derrotar el nuevo juicio? Ciertamente no. En *Piñero Agosto* v. *Tribunal Superior*, 94 D.P.R. 204 (1967), expresamos:

"En *Gori* v. *United States*, 367 U.S. 364 (1961), un caso en que tanto la Corte de Apelaciones 282 F.2d 43 (2d Cir.), como el Tribunal Supremo dudaron de la necesidad y sapiencia de la acción del juez al disolver un jurado y no obstante ello sostuvieron la validez de un segundo proceso, se dijo:

'Desde 1824 ha sido la norma sentada por esta Corte que "la disposición sobre doble exposición de la Quinta Enmienda . . . no significa que cada vez que a un acusado se le juzga ante un tribunal competente tiene derecho a quedar libre si el juicio no culmina en una sentencia final." [citas] Cuando, por fundamentos que el Juez juzgador considera constrictivos, quien está mejor situado para inteligentemente hacer esa decisión, los fines de una justicia sustancial no han de obtenerse sin descontinuar el proceso, puede terminarlo sin el consentimiento del acusado y aun contra su oposición y éste puede ser procesado otra vez compatible con la Quinta Enmienda. [citas] También está claro que "Esta Corte por mucho tiempo ha favorecido la regla de la discreción en el juez juzgador para disolver el juicio y llamar otro jurado que juzgue al acusado si los fines de la justicia quedan mejor servidos . . ." [citas] y que consecuentemente hemos rehusado escudriñar con severa actitud el ejercicio de esa discreción. [citas] En el caso de *Pérez* el autorizado punto de partida de nuestro derecho en esta esfera, el Juez Sr. Story expuso así, por una Corte unánime, los principios que desde entonces han guiado a las cortes federales al aplicar el concepto de la doble exposición a situaciones que han dado lugar a la disolución del juicio:

". . . Creemos, que en todos los casos de esta naturaleza, la ley ha investido a las Cortes de justicia con autoridad para relevar a un jurado de dar un veredicto, cada vez que, en su opinión, tomando en consideración todas las circunstancias, hay una necesidad manifiesta

para el hecho, o de otra manera se frustrarían los fines de la justicia pública. Deben ejercer una sana discreción sobre el particular, y es imposible señalar todas las circunstancias que harían apropiado el intervenir. De seguro, el poder debe usarse con la mayor cautela, bajo circunstancias urgentes y por motivos muy claros y evidentes; y, en casos capitales especialmente, las cortes deben ser extremadamente cuidadosas en como intervenir con cualquiera de las oportunidades de vida, en favor del prisionero. Pero, después de todo, tienen el derecho de ordenar una disolución, y la seguridad que el público tiene del fiel, sano y consciente uso de esta discreción descansa en éste, como en otros casos, en la responsabilidad de los jueces bajo el juramento de sus cargos ...'' ' 9 Wheat, a la pág. 580.''

Fue correcta la resolución del Tribunal Superior, Sala de San Juan de fecha 29 de julio de 1965 al efecto de que no procedía la defensa de exposición anterior.

*Se anulará el auto expedido y se devolverá el caso para ulteriores procedimientos.*

El Juez Presidente Señor Negrón Fernández disintió. El Juez Asociado Señor Santana Becerra disintió en opinión separado.

—O—

Voto disidente del Juez Asociado Señor Santana Becerra

San Juan, Puerto Rico, 28 de junio de 1967

Dispone la Sec. 11 de la Carta de Derechos de la Constitución del Estado Libre Asociado de Puerto Rico que "Nadie será puesto en riesgo de ser castigado dos veces por el mismo delito." No fue el mandato del Pueblo el que nadie fuera castigado dos veces por el mismo delito, sino el que nadie *sea puesto en riesgo* de ser castigado dos veces por el mismo delito. El sentido que tiene la frase "ser puesto en riesgo" en el tema judicial está tan entendido que no necesita aquí de mayor explicación.

Dispone la Regla 144 de las de Procedimiento Criminal de 1963 que trata sobre la disolución del jurado, que el Tribunal podrá ordenar la misma ". . . (d) Si se hubiere cometido algún error o se hubiere incurrido en alguna irregularidad durante el proceso que, a juicio del Tribunal, le impidiera al jurado rendir un veredicto justo e imparcial." Estatuye la regla que en todos los casos en que el jurado fuese disuelto según lo provisto en ella, la causa podrá ser juzgada nuevamente.

Dispone la Regla 64 como fundamento para que se desestime la acusación ". . . (e) Que el acusado ha sido convicto, *o ha estado expuesto a serlo,* o ha sido absuelto del delito que se le imputa." La moción deberá especificar bajo qué nombre el acusado fue convicto, *expuesto a convicción* o absuelto, y la fecha, tribunal y lugar de convicción, *exposición* o absolución.

De algún tiempo para acá se nota cierta tendencia en el tribunal de primera instancia a disolver jurados después que el juicio ha llegado a etapas bastante avanzadas, para comenzar a enjuiciar de nuevo al acusado. Se nota en los casos que nos llegan, y en las noticias de este hecho que nos anticipa la prensa. Posiblemente ello se deba al concepto que le debe estar mereciendo a los Magistrados sentenciadores la facultad que les concede la Regla 144. Parece que no se está captando debidamente el hecho que tal facultad permisible les está restringida por la garantía de mayor alcurnia del precepto constitucional. Tal facultad no puede ejercitarse hiriendo o menoscabando dicho precepto.

Este Tribunal en época más reciente ha tenido oportunidad de manifestarse en dos ocasiones sobre el debido y apropiado equilibrio que debe haber entre ambas disposiciones, la constitucional y la estatutaria de la regla. En ambos casos me cupo la designación de expresar el criterio del Tribunal. No creo necesario ahora, que sólo hablo por mí, extenderme en los conceptos y autoridades en esas decisiones

vertidos. En el primero de ellos, *Pueblo* v. *Arteaga Torres*, 93 D.P.R. 148 (1966), después de sometido el caso al jurado y estar éste deliberando la Sala sentenciadora por su propia iniciativa disolvió el jurado, por el fundamento de que inadvertidamente había pasado a éste una acusación en que se mencionaba la reincidencia de delitos. Visto el caso en segunda ocasión y convicto el acusado, se produjo el problema de exposición anterior. Sostuvimos al tribunal de instancia que denegó el planteamiento. Realmente se había cometido un error en el primer juicio que perjudicaba los derechos del acusado, y como cuestión de realidad, lo ocurrido fue que la Sala sentenciadora concedió el nuevo juicio que con toda probabilidad hubiera concedido en apelación este Tribunal.

El segundo caso, el de *Piñero Agosto* v. *Tribunal Superior*, 94 D.P.R. 204 (1967), presentaba una situación mucho más compleja y delicada. Quedaron establecidas normas deseables para la debida protección de la garantía constitucional, compatibles con situaciones surgidas en el juicio que pudieran desembocar en un proceso no justo y no imparcial para ambas partes. En el balance final, sostuvimos al tribunal de instancia, y pesó mucho el hecho que el juez juzgador, si posee la debida sensibilidad, es el árbitro por excelencia de cuándo, y cuándo no, el proceso puede empezar a dejar de ser aquel justo e imparcial que la justicia demanda.

Bajo las normas sentadas, no veo la justificación en este caso para desoír el precepto constitucional que guarda contra la doble exposición.

Aparte de que entre la prueba y la acusación no existió la incongruencia fatal entre alegación y prueba que contempla la Regla 38(d) de las de Procedimiento Criminal, cf. *Soto* v. *Tribunal Superior*, 90 D.P.R. 517 (1964)—todo lo que ocurrió fue un testimonio distinto en cuanto a una fecha entre dos testigos de cargo, cosa ésta usual y corriente en

cualquier proceso que el jurado está llamado a dirimir—para que se produzca la disolución del jurado bajo esta regla es preciso *el consentimiento* del acusado.

El acusado no prestó su consentimiento. Se opuso también a la continuación del proceso. Como cuestión de estrategia de la defensa no critico el que asumiera ambas posiciones. Sin embargo, el que la defensa se opusiera también a la continuación del juicio no excusa al juez sentenciador para terminarlo. Debió haber rechazado, denegándola, esta segunda proposición del acusado. Es en el Magistrado que preside el proceso, y no en los abogados de las partes, en quien recae la responsabilidad última de hacer valer las disposiciones constitucionales. No me parece que en este caso el juzgador protegiera la garantía constitucional.

Comprendo que ésta es una esfera en que están envueltos valores apreciativos, y que pueden flotar diversos criterios en la evaluación de una situación en particular. Mi criterio enfatiza la necesidad que hay de mantener alertos a los jueces juzgadores contra la norma de desatender el mandato constitucional sobre la doble exposición por cualquier motivo inconsecuente. En este caso el acusado fue indebidamente puesto en riesgo de ser castigado más de una vez y, por ello, disiento.