ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| EL PUEBLO DE PUERTO RICO  Recurrido  v.  ÁNGEL TORRES FIGUEROA  Peticionario | **KLCE202400101** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Caguas  Civil Núm.: E VI2021G0051 E LA2021G0208 E LA2021G0209  Sobre: Derecho constitucional |
|---|---|---|

Panel integrado por su presidenta, la jueza Romero García[1], el juez Bonilla Ortiz, el juez Pagán Ocasio.

Bonilla Ortiz, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico a 12 de marzo de 2024.

Comparece ante este foro el Sr. Ángel Torres Feliciano (señor Torres o "el peticionario"), por conducto de su representación legal de oficio, y nos solicita que revisemos la *Resolución Enmendada* emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas, notificada el 26 de diciembre de 2023. Mediante el referido dictamen, el foro primario declaró *No Ha Lugar* una solicitud de disolución de jurado presentada por el peticionario.

Por los fundamentos que se exponen a continuación, **EXPEDIMOS** el recurso de epígrafe y **CONFIRMAMOS** dictamen recurrido.

### I.

Por hechos ocurridos el 26 de julio de 2017, el Ministerio público presentó tres denuncias en contra del señor Torres, que incluían los siguientes cargos: una

---

[1] En virtud de la Orden Administrativa OATA-2024-019, se designa a la Hon. Giselle Romero García.

violación al Artículo 93(A) del Código Penal del 2012; una violación al Artículo 5.04 de la Ley de Armas; y una violación al Artículo 5.15 de la Ley de Armas. El 21 de octubre de 2021, el Ministerio Público presentó las acusaciones correspondientes.[2]

Así las cosas, y por tratarse de tres delitos graves, el señor Torres optó por ejercer su derecho constitucional a que el juicio fuera ante un jurado. Por consiguiente, el 14 de agosto de 2023, inició el proceso adjudicativo formal con el desfile de la prueba del Ministerio Público.

El 28 de noviembre de 2023, continuó el desfile de prueba por parte del Ministerio Público, y como parte de la prueba testifical, fue presentado el testimonio de la Sra. María Rosado Ortiz (señora Rosado), madre del occiso y testigo ocular del evento. Según surge del expediente, concluido el contrainterrogatorio de la señora Rosado, y en presencia del jurado, ésta quiso hacerle una pregunta al Honorable López González, no obstante, el Juez López la interrumpió e indicó que no podía hacer preguntas. Aun así, la señora Rosado hizo la siguiente expresión "el jurado sabe por qué lo mató" […] "porque él estuvo con la esposa de mi hijo" […] "por eso fue que lo mató" […] "y le debía chavos de drogas". El Ministerio público sostiene que, acto seguido, el Juez López ordenó que removieran a la testigo de la sala, e instruyó al jurado indicándoles que "cualquier cosa que ella dijo después que terminamos nada es admisible, no lo pueden considerar al momento de llegar a sus determinaciones o sus deliberaciones". Añadió que,

---

[2] *Acusación*, anejos V, VI, VII, págs. 17-22 del apéndice del recurso.

durante el interrogatorio, la señora Rosado declaró que había observado al señor Torres dispararle a su hijo.

El 13 de diciembre de 2023, el peticionario presentó una *Solicitud de Disolución del Jurado*.[3] En esencia, sostuvo que las expresiones de la señora Rosado constituyeron una irregularidad bajo la Regla 144 de Procedimiento Criminal lo que conlleva la disolución del jurado, aun cuando el Juez López los instruyó, puesto que, la parcialidad del jurado se encuentra comprometida.

Por su parte, el 20 de diciembre de 2023, el Ministerio Público se opuso a la referida moción de disolución del jurado.[4] Mediante esta, expresó que el error cometido es uno subsanable con la debida y oportuna instrucción al jurado, así como lo realizó el foro primario. Por lo tanto, esbozaron que la instrucción del Juez López subsanó cualquier efecto perjudicial sobre los comentarios inadmisibles de la señora Rosado.

Tras evaluar la postura de ambas partes, el 26 de diciembre de 2023, el foro primario emitió una *Resolución Enmendada*, mediante la cual declaró *No Ha Lugar* a la disolución del jurado.[5] En específico, el foro primario razonó lo siguiente:

> En cuanto a las repetidas manifestaciones referentes a que el acusado fue el que lo mató, somos del criterio que es una irregularidad que fue subsanada con la instrucción provista cuando tomamos en consideración que la Sra. Rosado Ortiz es un testigo de hecho el cual testificó que presencio cuando el acusado le disparaba a su hijo, causando su muerte. Por lo cual en los autos ya obran manifestaciones previamente admitidas referentes a que el

---

[3] *Solicitud de Disolución de Jurado*, anejo I págs. 1-9 del apéndice del recurso.
[4] *Moción en Cumplimiento de Orden*, anejo II, págs. 10-11 de apéndice del recurso.
[5] *Resolución Enmendada*, anejos III – IV, págs. 12-16 del apéndice del recurso.

acusado mayo al perjudicado en ese caso como producto del desahogo regular de la prueba.

Mencionamos que la instrucción dada al jurado al ocurrir el evento fue: "jurado, cualquier cosa que ella dijo después que terminamos, nada es admisible, no lo pueden considerar al momento de llegar a sus determinaciones o sus deliberaciones".

Insatisfecho, el 25 de enero de 2024, el señor Torres acudió ante este foro revisor y presentó un recurso de *Certiorari*. Mediante este, adujo que el foro primario cometió el siguiente error:

COMETIÓ ERROR EL TPI AL DECLARA NO HA LUGAR LA SOLICITUD DE DISOLUCIÓN DE JURADO EN LA PRESENTE CAUSA DE ACCIÓN CLARA VIOLACIÓN A LA CONSTITUCIÓN DE LOS ESTADOS UNIDOS DE AMÉRICA, LA CONSTITUCIÓN DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, A LAS REGLAS DE PROCEDIMIENTO CRIMINAL DE PUERTO RICO Y AL DEBIDO PROCESO DE LEY.

El 9 de febrero de 2024, el Pueblo de Puerto Rico compareció, por conducto de la Oficina del Procurador General, mediante *Escrito en Cumplimiento de Orden*. En síntesis, adujo que el peticionario no logró demostrar que el foro primario haya incurrido en un abuso de discreción al no ordenar la disolución del jurado. Asimismo, recalcó que, el foro primario no solo se limitó a ofrecer las instrucciones oportunas y especificas al jurado, sino que también tomó medidas adicionales para prevenir que el evento tuviese un perjuicio contra el peticionario.

Con el beneficio de la comparecencia de ambas partes, procedemos a disponer del recurso de epígrafe.

**II.**

**-A-**

El *certiorari* es un recurso extraordinario discrecional expedido por un tribunal superior a otro inferior, mediante el cual el tribunal revisor está

facultado para enmendar errores cometidos por el foro revisado, cuando "el procedimiento adoptado no esté de acuerdo con las prescripciones de la ley." Véase, Artículo 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Véase, además: *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917-918 (2009).

La expedición del auto descansa en la sana discreción del tribunal. *Medina Nazario v. McNeill Healthcare LLC*, 194 DPR 723, 729 (2016). De este modo, este auto discrecional debe utilizarse "con cautela y solamente por razones de peso." *Pérez v. Tribunal de Distrito*, 69 DPR 4, 18 (1948).

Respecto a la utilización del *certiorari*, en *Pérez v. Tribunal de Distrito*, supra, pág. 19, nuestro Tribunal Supremo expresó que este recurso extraordinario discrecional procede "para revisar errores cometidos por las cortes inferiores no importa la naturaleza del error imputado." Véase, además, *Pueblo v. Díaz de León*, supra, pág. 918.

No obstante, el Tribunal Supremo de Puerto Rico ha sido muy claro al aclarar que este recurso no equivale a una apelación. *Íd*. Además, ha enfatizado que su utilización procede únicamente en aquellos casos en que no exista un recurso de apelación disponible u otro mecanismo ordinario "que proteja eficaz y rápidamente los derechos del peticionario." *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960); *Pueblo v. Díaz De León*, supra.

De otra parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que este foro debe tomar en

consideración al atender una solicitud de expedición de este recurso discrecional. Estos son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

**–B–**

Nuestro ordenamiento criminal reconoce el derecho constitucional de todo acusado a tener un juicio justo e imparcial y, en casos de delitos graves, a que su juicio sea ventilado ante un jurado imparcial. Véase Art. II, Sec. 11, Const. ELA, LPRA, Tomo 1. El derecho a tener un juicio justo e imparcial no es otra cosa sino el derecho del acusado a un juicio con las garantías del debido proceso de ley y la gama de derechos procesales que cobijan al acusado. E. L. Chiesa, *Procedimiento Criminal y la Constitución: Etapa Adjudicativa*, 1era Ed., San Juan, Ediciones SITUM, 2018, pág. 54. No obstante, no se reconoce un derecho a un juicio perfecto.

*Pueblo v. Santiago Lugo*, 134 DPR 623, 631 (1993). Véase: E. L. Chiesa, *op. cit.*, pág. 55.

Aún así, han sido reconocidos varios mecanismos para garantizar un debido proceso de ley en la etapa adjudicativa cuando acontecen irregularidades que pudieran mancillar la pureza del proceso judicial e impedir que se emita un veredicto justo e imparcial. Uno de estos mecanismos se estatuye en la Regla 144 (d) de Procedimiento Criminal, 34 LPRA Ap. II, R. 144 (d), la cual en cierta forma viabiliza y garantiza el derecho constitucional antes mencionado. Véase, *Pueblo v. Robles González*, 125 DPR 750, 757 (1990). La Regla 144 de Procedimiento Criminal, *supra*, dispone que:

> El Tribunal podrá ordenar la disolución del jurado antes del veredicto en los siguientes casos:
> a. …
>
> b. …
> c. …
>
> d. Si se hubiere cometido algún error o se hubiere incurrido en alguna irregularidad durante el proceso que, a juicio del tribunal, le impidiere al jurado rendir un veredicto justo e imparcial.

Sin embargo, la disolución del jurado antes del veredicto también constituye una excepción a la prohibición que dispone la Carta de Derechos de nuestra Constitución, que dice: "[n]adie será puesto en riesgo de ser castigado dos veces por el mismo delito". Art. II, Sec. 11, Const. ELA, LPRA, Tomo 1. *Pueblo v. Guzmán Camacho*, 116 DPR 34, 42 (1984) (Hon. Irizarry Yunqué, Opinión Disidente). Una prohibición que también se dispone en la Quinta Enmienda de la Constitución federal que señala, en lo pertinente, que "ni podrá nadie ser sometido por el mismo delito dos veces a un juicio que pueda ocasionarle la pérdida de la vida o la integridad

corporal." Emda. V, Const. EE.UU., LPRA, Tomo 1. *Pueblo v. Guzmán Camacho*, supra. Por tratarse de una excepción a ese principio de fundamental importancia para el Pueblo, nuestro Tribunal Supremo ha expresado que la Regla 144 de Procedimiento Criminal que viabiliza la disolución del jurado y la celebración de un segundo juicio debe interpretarse restrictivamente no sólo para proteger al acusado contra ser castigado dos veces por el mismo delito sino contra ser puesto en riesgo de ser castigado dos veces por el mismo delito. *Íd*. Por tanto, la descontinuación de un juicio "debe ser producto de una sana y juiciosa discreción" y "ejercitarse con la mayor cautela, por consideraciones obvias de peso, y ante una necesidad manifiesta de así hacerlo." *Pueblo v. Arteaga Torres*, 93 DPR 148, 151 (1966). El estándar de 'necesidad manifiesta' desarrollado por el Tribunal Supremo Federal, y según fue adoptado por nuestra jurisprudencia, establece que se debe proveer 'suficiente protección a los intereses del imputado de que su caso sea finalmente decidido por el jurado originalmente seleccionado. *Pueblo v. Guzmán Camacho*, supra, pág. 43. Solo se justificará la disolución cuando los hechos demuestren una necesidad manifiesta de hacerlo. Véase, *Pueblo v. Arteaga Torres*, supra, pág. 151.

Como parte del derecho de un acusado a un juicio justo e imparcial, la defensa podrá solicitar la disolución del jurado cuando durante el juicio ocurre una irregularidad de tal magnitud que: (1) no es subsanable mediante instrucciones al jurado; y (2) la continuación del juicio no es posible porque un veredicto de culpabilidad se obtendría en violación al

debido proceso de ley y no sería resultado de un proceso imparcial. E. L. Chiesa Aponte, *Derecho Procesal Penal de Puerto Rico y Estados Unidos*, 1era ed. Colombia, Ed. FORUM, 1991, Vol. II, pág. 322. Las instrucciones al jurado son el mecanismo procesal mediante el cual el jurado toma conocimiento del derecho aplicable al caso. E. L. Chiesa, Procedimiento Criminal y la Constitución: Etapa Adjudicativa, *op. cit.*, pág. 501. Entre las distintas instrucciones figuran aquellas que "sirven para subsanar el efecto de irregularidades que, de no ser corregidas, violarían el derecho del acusado a un juicio justo por un jurado imparcial. *Íd.*, pág. 510. Véase, además: *Pueblo v. Suarez Fernández*, 116 DPR 842, 850-851 (1986).

En la mayoría de las ocasiones, la irregularidad que podría ser fundamento para la disolución puede ser atendida con instrucciones al jurado. E. L. Chiesa, Procedimiento Criminal y la Constitución: Etapa Adjudicativa, *op. cit.,* pág. 494. *Pueblo v. Robles González*, supra, págs. 759-760. No obstante, el juez deberá disolver al jurado en aquellas situaciones en que la irregularidad no pueda ser corregida con instrucciones al jurado e impida al jurado emitir un veredicto justo e imparcial. E. Chiesa Aponte, Procedimiento Criminal y la Constitución: Etapa Adjudicativa, *op. cit.,* pág. 495. Lo anterior, en correspondencia a que en nuestro ordenamiento no se le atribuye una sensibilidad extrema a los jurados en su función de juzgar los hechos y valorar la prueba de en un caso. *Pueblo v. Guzmán Camacho*, 116 DPR 34, 38 (1984)

Reiteradamente el Tribunal Supremo de Puerto Rico ha establecido que "no todo error o irregularidad en un

proceso macula la imparcialidad de un veredicto. Tiene que ser grave, perjudicial, sustancial e insubsanable". Véase, *Pueblo v. Guzmán Camacho*, 116 DPR 34, 38 (1989); *Pueblo v. Santiago Acosta*, 121 DPR 727, 739 (1988). En *Pueblo v. Robles González*, nuestro máximo foro explicó que "la decisión de si el error ha quedado subsanado o no por las oportunas instrucciones impartidas por el magistrado realmente depende de 'la totalidad de las circunstancias' presentes en el caso." *Pueblo v. Robles González*, supra, pág. 760; *Pueblo v. Ramos Álvarez*, 118 DPR 782, 792 (1987).

En dicho ejercicio, el tribunal debe preguntarse en primer lugar, si ocurrió un error o hubo una irregularidad durante el proceso judicial. De contestar en la afirmativa, se debe determinar si ese error o irregularidad, conforme las disposiciones de la antes citada Regla 144(d) de Procedimiento Criminal, impide que el Jurado que participa en el mismo como juzgador de los hechos rinda un veredicto justo o imparcial. A su vez, si las instrucciones que les impartió el juez a los señores del Jurado, luego de ocurrida la irregularidad o error subsanaron el mismo. *Pueblo v. Robles González*, supra, págs. 757-760.

Es preciso señalar el hecho de que "de ordinario el que en mejor posición está para resolver esta cuestión lo es el juez de instancia, por cuanto éste no sólo ha sido testigo presencial del incidente objetado, sino que ha podido percibir a través de sus sentidos la reacción, si alguna, del Jurado ante dicho 'incidente'". *Pueblo v. Robles González*, supra. Por ello, la determinación de si procede o no disolver al jurado merece la

deferencia judicial. *Pueblo v. Rodríguez Santana*, 146 DPR 860 (1998); *Pueblo v. Robles González*, supra.

**III.**

Como único señalamiento de error, el señor Torres adujo que el foro primario erró y abusó de su discreción al denegar la disolución de jurado. Expresó que, dicha negativa constituye una violación a su derecho constitucional a un juicio por jurado imparcial, al debido proceso de ley, presunción de inocencia y el derecho a que se pruebe su culpabilidad más allá de duda razonable.

Sin embargo, luego de evaluar los argumentos formulados por el peticionario en el recurso de epígrafe resolvemos no intervenir con el criterio del foro primario. Tras analizar el dictamen recurrido, entendemos que el foro primario hizo advertencias inmediatas y oportunas al jurado, por lo que no abusó de su discreción al emitir el dictamen que hoy revisamos.

El disolver o no al jurado es una cuestión procesal que recae sobre la discreción del juez. En el presente caso no se demostró que el juez abusó de su discreción, sino que tomó las medidas cautelares pertinentes para asegurarse de que el derecho a un juicio justo e imparcial para el peticionario quedara salvaguardado.

No podemos olvidar que cuando la testigo que alegadamente hizo expresiones fuera de orden el Juez López inmediatamente ordenó que removieran a dicha testigo de la sala, e instruyó al jurado a que "cualquier cosa que ella dijo después que terminamos nada es admisible, no lo pueden considerar al momento de llegar a sus determinaciones o sus deliberaciones." Esas advertencias oportunas y directas del juez evitaron la

contaminación inapropiada del jurado. Por ello, entendemos que el error alegado no se cometió.

La Regla 144(d) de Procedimiento Criminal, *supra*, permite que el tribunal ordene la disolución del jurado si: "se hubiese cometido alguna irregularidad durante el proceso que, a juicio del tribunal, le impidiere al jurado rendir un veredicto justo e imparcial."

Por lo tanto, el foro primario tomó las medidas cautelares adecuadas para salvaguardar el derecho a un juicio justo e imparcial. Esta decisión goza de nuestra deferencia ya que no se demostró que el Juez López haya abusado de su discreción, por lo que, procedemos a confirmar el dictamen impugnado.

**IV.**

Por los fundamentos antes expuestos, se **EXPIDE** el auto discrecional solicitado y se **CONFIRMA** la *Resolución Enmendada*.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones