RAFAEL RODRÍGUEZ MUÑOZ y ÁNGEL LUIS HERNÁNDEZ, peticionarios, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. GERARDO CARREIRA MÁS, JUEZ, demandado; EL PUEBLO DE PUERTO RICO, interventor.

*Número:* O-67-104        *Resuelto:* 16 de octubre de 1967

*Félix R. Ortiz Juan,* abogado de los peticionarios; *J. B. Fernández Badillo, Procurador General,* y *Peter Ortiz, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El peticionario fue acusado de infringir la Sec. 4 de la Ley Núm. 220 de 1948. La acusación radicada no aducía hechos de acuerdo con *Pueblo* v. *Trinidad Fernández,* 93 D.P.R. 897 (1967). Comenzado el juicio y luego de declarar un testigo de cargo, el Pueblo solicitó permiso para enmendar la acusación. El juez lo concede. El acusado nos pide que revoquemos esa resolución. Sintetiza la cuestión planteada así:

"Aceptado el hecho de que una acusación no aduce suficientes hechos constitutivos de delito público, puede ser ésta enmendada, a tenor con lo dispuesto en la Regla 38 de Enjuiciamiento Criminal, para que con la enmienda hecha, la acusación así enmendada entonces aduzca hechos constitutivos de delito, o por el contrario procede la desestimación de ésta, conforme lo dispuesto taxativamente por la Regla 64 del mismo cuerpo legal."

Sostiene que no procede la enmienda de una acusación que no aduce hechos y que lo que procede es su desestimación ya que "una interpretación en contrario, tendría el alcance de determinar como inoficiosa, inoperante y hasta inservible la Regla 64 de Enjuiciamiento Criminal y de darles aplicación solamente en el caso extremo en que un Fiscal, a pesar de que el Tribunal entiende que la acusación ante sí no aduce suficientes hechos constitutivos de delito, éste se empeñe en que sí aduce hechos y se niegue a enmendar".

No tiene razón el peticionario. La Regla 38(b) dispone:

"Si la acusación o la denuncia adolecieren de algún defecto u omisión sustancial, el tribunal en el cual se ventilare originalmente el proceso podrá permitir, en cualquier momento antes de la convicción o absolución del acusado, las enmiendas necesarias para subsanarlo. Si se tratare de una acusación, el acusado tendrá derecho a que se le celebre de nuevo el acto de la lectura de la acusación . . . ."

Lo dispuesto en la Règla 64(a) no milita contra esto. La Regla 66 establece que "Si la moción se basare en defectos de la acusación, . . . que pudieren subsanarse mediante enmienda, el tribunal ordenará se haga la enmienda y denegará la moción."

*Procede, por tanto, anular el auto expedido para que se celebre la lectura de la acusación y posteriormente el juicio.*

El Juez Asociado Señor Belaval no intervino.