EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FRANCISCO GONZÁLEZ, acusado y apelante.

*Número:* CR-67-218     *Resuelto:* 27 de junio de 1969

*David Urbina Urbina,* abogado del apelante; *J. R. Rodríguez Rivera, Procurador General Interino,* y *Elpidio Arcaya, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR RAMÍREZ BAGES emitió la opinión del Tribunal.

El apelante fue acusado y convicto de cuatro cargos de poseer material relacionado y que usaba "para llevar a cabo la práctica del juego ilegal de bolita." Fue condenado a cumplir un año de cárcel consecutivamente en cada cargo.

Apunta que (1) el juez sentenciador incidió al permitir enmendar las acusaciones, las que no alegaban hechos constitutivos de delito; que lo procedente era desestimarlas; que luego el fiscal podría radicar nuevas acusaciones; que al permitir la enmienda, privó al apelante de su derecho de alegar el término prescriptivo en contra de las nuevas acusaciones. También apunta que (2) la prueba no estableció claramente la culpabilidad del acusado y que (3) el juez sentenciador abusó de su discreción ya que al determinar que las sentencias fueran consecutivas no tomó en cuenta los pormenores del caso.

No tiene razón por los fundamentos expresados a continuación.

1.—No hay duda que la mera alegación en las cuatro acusaciones en estos casos en contra del apelante de que "tenía en su posesión y dominio material relacionado con el juego ilegal de bolita" no constituía la alegación de delito alguno. *Pueblo* v. *Trinidad Fernández*, 93 D.P.R. 897 (1967). Al leerse estas acusaciones el apelante planteó que las acusaciones no aducían hechos constitutivos de delito. A solicitud del fiscal, el tribunal de instancia le permitió enmendar las acusaciones, con la objeción de la defensa, interlineándose alegaciones que corregían el defecto apuntado y en virtud de las cuales las acusaciones en efecto aducían hechos constitutivos de un delito. El día del juicio, al instruirse por el juez sentenciador que se diera lectura a las acusaciones enmendadas, el apelante las dio por leídas y reiteró su planteamiento anterior.

■ La Regla 38 (b) de las de Procedimiento Criminal dispone que "Si la acusación o la denuncia adolecieren de algún *defecto u omisión sustancial,* el tribunal en el cual se ventilare originalmente el proceso podrá permitir, en cualquier momento antes de la convicción o absolución del acusado, las enmiendas necesarias para subsanarlo . . . ." (Énfasis nuestro.) Dicha disposición debe ser interpretada y aplicada no solamente de modo "que aseguren la tramitación justa de todo procedimiento y eviten dilaciones y gastos injustificados"—Regla Núm. 1 de las de Procedimiento Criminal— sino que debe aplicarse de forma que se logre la liberalidad y flexibilidad en los procedimientos que era uno de los propósitos que se perseguían al adoptarse dichas Reglas, salvaguardando siempre, por supuesto, los derechos del acusado.

■ La Regla primeramente citada en el párrafo anterior no define el término "defecto u omisión sustancial." Todos los hechos que es necesario probar para hacer del acto imputado un delito son cuestiones sustanciales. *Corbin* v. *State,* 206 A.2d 809, 811 (Md. 1965). A nuestro juicio,

por lo tanto, la Regla en cuestión autoriza a enmendar para corregir una omisión de elementos del delito. [1]

■ Siendo subsanable mediante enmienda el defecto de que adolecía la acusación, no incidió el tribunal de instancia al autorizar la enmienda en cuestión y al denegar el planteamiento del apelante. Esta actuación no lesionó el derecho de alegar la prescripción, como indica el apelante, pues de haberse radicado nueva acusación no podía atacarla bajo la Regla 64(n) de las de Procedimiento Criminal. *Pueblo* v. *Ortiz Díaz*, 95 D.P.R. 244, 248 (1967).

■ 2.—El apuntamiento de que la prueba no estableció claramente la culpabilidad del apelante descansa en lo resuelto en *Pueblo* v. *Soto Zaragoza*, 94 D.P.R. 350 (1967) y *Pueblo* v. *Ayala Ruiz*, 93 D.P.R. 704 (1966). No tiene razón. El testimonio de los agentes encubiertos cubrió todos los elementos esenciales de los delitos y adujeron todos los hechos que los comprobaron y, en particular, el lugar, hora y ocasión de la venta, el material típico del juego de bolita, y hasta la identificación de algunas personas en la ocasión de una de las ventas.

■ 3.—Carece de mérito el apuntamiento de que el tribunal de instancia abusó de su discreción al determinar que las sentencias fueran consecutivas. La ley autoriza el término de la condena así como la imposición de las sentencias consecutivas. No encontramos justificación en el récord para concluir que al así determinar abusó de su discreción el juez sentenciador.

---

[1] Para otra jurisprudencia sobre qué es una cuestión sustancial en una acusación, véase 42 C.J.S. *Indictments and Informations*, sec. 240; cambiar o suplir un elemento del delito es cuestión sustancial: véanse, por ejemplo, *State* v. *Jensen*, 30 P.2d 203 (Utah 1934); *State* v. *Kusel*, 213 Pac. 367 (Wyo. 1923); *State* v. *Wozniak*, 178 N.E.2d 800 (Ohio 1961).

En algunas jurisdicciones donde la Regla procesal es similar a la nuestra, se ha resuelto lo contrario. Véanse, *Smith* v. *State*, 375 P.2d 354 (Okl. Cr. 1962); *Prestage* v. *State*, 348 P.2d 865 (Okl. 1959); y *People* v. *Grogran*, 117 N.Y.S.2d 617 (1952).

*En tal virtud, deben confirmarse las sentencias dictadas por el Tribunal Superior, Sala de San Juan, en 27 de junio de 1967.*

El Juez Asociado Señor Hernández Matos no intervino. El Juez Asociado Señor Santana Becerra concurre en el resultado.