NARCISO RABELL MARTÍNEZ, peticionario, *v.* TRIBUNAL SUPE-RIOR DE PUERTO RICO, SALA DE AGUADILLA, HON. MODESTO VELÁZQUEZ FLORES, JUEZ, demandado.

*Número*: O-71-297 *Resuelto*: 27 de febrero de 1974

*Fermín B. Arraiza Miranda* y *Graciany Miranda Marchand,* abogados del peticionario; *Gilberto Gierbolini, Procurador*

*General,* y *Federico Rodríguez Gelpí, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: Contra el peticionario se determinó causa probable y se expidió y diligenció orden de arresto en virtud de denuncia jurada el 29 de abril de 1969 por el delito de conspiración, cuyo texto relevante transcribimos:

### "DENUNCIA

". . . Durante los meses de octubre 1968 a marzo de 1969. De noche y de día. En el Distrito Judicial de Aguadilla y de San Juan, . . . .

"Los arriba indica [*sic*] acusados en la fecha, sitio y hora arriba indicada, ilegal, voluntaria, maliciosa y criminalmente, actuando en concierto y de común acuerdo entre sí y en el Distrito Judicial de Aguadilla así como en el Distrito Judicial de San Juan, conspiraron para cometer actos de terrorismo encaminados a la fabricación de artefactos explosivos, alteraciones a la paz pública, incendio de estructuras y cañaverales, poniendo en peligro con dicho actos la vida y propiedad de personas . . . ."

La acusación original jurada por el fiscal el 27 de junio de 1969 siguió el texto de la denuncia. El 19 de mayo de 1970, pasado el año que es término de prescripción([1]) del delito de conspiración, presentó el fiscal previo permiso del tribunal, una *acusación enmendada* en la que imputó al peti-

---

([1]) Art. 79 del Código Penal (33 L.P.R.A. sec. 233). "La acción penal por cualquier delito menos grave deberá establecerse dentro del año de su comisión . . . ."

La conspiración para las fechas en que alegadamente se desarrolló, tenía una sola clasificación como delito menos grave (*misdemeanor*). Posteriormente, por Ley Núm. 63 de 23 de junio de 1971 se enmendó el Art. 62 del Código Penal (33 L.P.R.A. sec. 161) mediante la adición del siguiente párrafo:

"La conspiración constituirá delito grave cuando su propósito sea la comisión de asesinato, incendio malicioso, infracción a las secs. 586 y 587 del Título 25, conocidas como 'Ley de Explosivos de Puerto Rico', o infracción a la Ley de Armas de Puerto Rico, secs. 411 a 454 del Título 25. En tales casos la pena será de presidio por un término no menor de dos ni mayor de cinco años."

cionario y a otros ocho co-acusados el mismo delito en el siguiente lenguaje: [2]

". . . actuando en concierto y de común acuerdo entre sí, conspiraron para cometer actos perjudiciales a la seguridad pública y encaminados a pervertir y obstruir la justicia y la debida administración de las leyes y a tales efectos cometieron actos de terrorismo, fabricaron artefactos explosivos, cometieron alteraciones a la paz pública, incendios de estructura y cañaverales, poniendo en peligro con dichos actos la vida y propiedad de personas . . . ."

El acusado-recurrente pidió que se desestimara esta última acusación por haber prescrito el delito (R.P.C. 64 (m) ), solicitud que fue correctamente denegada por el tribunal de instancia. Arguye que toda vez que la *denuncia* bajo la cual se sometió el caso a un juez instructor no aduce hechos suficientes para imputar delito, ni ésta ni la orden de arresto, ni la primera acusación que incorporó en su texto el lenguaje de la denuncia, sirvieron para interrumpir el término prescriptivo de un año.

Sin que sea necesario resolver si la alegación presente tanto en la *denuncia* como en la acusación original, de que los acusados pusieron en peligro la vida y propiedad de personas, con sus actos de terrorismo encaminados a la fabricación de artefactos y explosivos e incendio de estructuras y cañaverales, coloca ambos pliegos acusatorios dentro de la excepción [3] del Art. 63 del Código Penal que las releva de señalar afirmativamente un acto manifiesto (*overt act*), encontramos

---

[2] La enmienda tuvo el aparente propósito de ajustar la acusación a la Regla 152 de Procedimiento Criminal que dispone:

"En un proceso de conspiración, siempre que para la comisión del delito se requiriere un acto manifiesto (*overt act*) no podrá declararse convicto al acusado a menos que uno o varios de tales actos hubieren sido expresamente alegados en la acusación o denuncia y se probare uno de ellos, pero podrán probarse otros actos manifiestos que no fueren los alegados."

[3] Art. 63 del Código Penal (33 L.P.R.A. sec. 162).

"Ningún convenio, excepto para cometer delito grave contra alguna persona, o para cometer el delito de incendiar o asaltar moradas, constituye conspiración, a no concurrir a algún acto para llevarlo a cabo, por uno o más de los convenios."

que el curso procesal seguido en este caso se ajusta a derecho.

■ Bajo las Reglas de Procedimiento Criminal la denuncia y acusación cumplen la función básica de informar al acusado que se ha iniciado un proceso judicial en su contra; es a manera de advertencia o alerta para que prontamente gestione y ponga en acción sus elementos de defensa con los cuales enfrentar la acusación. Precisamente para que el transcurso del tiempo no opere contra el acusado borrando el recuerdo, desapareciendo testigos o produciendo la pérdida o extravío de evidencia material, la ley fija a la mayoría de los delitos un término de prescripción dentro del cual el Estado debe comenzar el enjuiciamiento. *Pueblo* v. *Tribunal Superior*, 84 D.P.R. 24, 27 (1961). El Estado retiene su facultad, dentro de su obligación de preservar la paz y el orden social, de negar prescriptibilidad a los delitos que por su intensidad de agravio a la sociedad organizada, deban en cualquier tiempo exponerse a la depuración del proceso judicial.

■ Tal aviso o advertencia de proceso, si bien ha de informar racionalmente el delito imputado, no tiene que incorporar con extenuante perfección académica absolutamente todos los elementos integrantes y definidores del delito por el cual se procesa. La posibilidad de error por insuficiencia técnica está prevista y la solución suplida en la Regla 38(b) de Procedimiento Criminal en cuanto dispone[4]:

"(b) *Subsanación de defecto sustancial.* Si la acusación o la denuncia adoleciere de algún defecto u omisión sustancial, el tribunal en el cual se ventilare originalmente el proceso podrá permitir, en cualquier momento antes de la convicción o absolución del acusado, las enmiendas necesarias para subsanarlo. Si se tratare de una acusación, el acusado tendrá derecho a que se le celebre de nuevo el acto de la lectura de la acusación. . . ."

[4] Igual remedio estaba disponible bajo el antiguo Código de Procedimiento Criminal. *Pueblo* v. *Morales*, 79 D.P.R. 605 (1956); *Pueblo* v. *Calero*, 68 D.P.R. 316 (1948).

No hay duda en cuanto a que la primitiva denuncia razonablemente informó y alertó a tiempo al recurrente del comienzo de un proceso por conspiración en su contra. No tenía que ser una acusación perfecta para interrumpir la prescripción.

Como hemos visto, la "denuncia" preparada para someter un caso para determinación de causa es un pliego informativo de la naturaleza del delito imputado del cual no se exigen requisitos extremos de suficiencia que satisfagan la definición óptima del delito, ya que el juez para determinar causa probable no se guía por la denuncia sino por la prueba. *Vázquez Rosado* v. *Tribunal Superior*, 100 D.P.R. 592 (1972). Aparte de lo expresado, al sentido común de cualquier acusado de mediana inteligencia que es a quien se dirige la información contenida en la denuncia, no escapa que fabricar explosivos *en cualquier época,* unido a actos de alteración de la paz pública y de quema de edificios y cañaverales pone en grave peligro la vida y los hogares de seres humanos.

 Determinada la existencia de causa probable, estaba en orden la presentación de la acusación. Es cuestionable la alegada insuficiencia de la acusación por omitir la alegación de un acto manifiesto (*overt act*), considerado el texto del citado Art. 63 del Código Penal dispensando ese requisito cuando la conspiración va dirigida a cometer un delito grave contra alguna persona o un delito de incendio o asalto de morada. No obstante, el defecto de haberlo fue subsanado en una acusación enmendada y para ello había facultad derivada de la Regla 38(b) de Procedimiento Criminal que permite adicionar mediante enmienda antes del juicio hasta *un elemento esencial* del delito. *Pueblo* v. *González,* 97 D.P.R. 541 (1969). Toda vez que no se trata de "una nueva acusación" sino de una *enmienda* a la original, no ha habido interrupción del tracto procesal ni se ha roto la secuencia acusatoria de tal modo que permita el correr del término prescriptivo del delito. No habiéndose archivado la acusación defectuosa, la misma

era susceptible de enmienda. *Ortiz Báez* v. *Tribunal Superior*, 98 D.P.R. 261 (1970); *Rodríguez Muñoz* v. *Tribunal Superior*, 95 D.P.R. 360 (1967). De otro modo se malograría la administración de justicia, resultado que se propuso evitar precisamente con la Regla 38 de Procedimiento Criminal. *Ríos Mora* v. *Tribunal Superior*, 95 D.P.R. 117 (1967).

*Se anulará el auto expedido y se devolverá el expediente al tribunal de origen para continuación de los procedimientos.*

El Juez Asociado, Señor Martín, concurre en opinión separada. El Juez Asociado, Señor Cadilla Ginorio, disintió reservándose el derecho de radicar por escrito opinión disidente.

—O—

Opinión concurrente del Juez Asociado Señor Martín

San Juan, Puerto Rico, a 27 de febrero de 1974

Concurro con la opinión de este Tribunal en cuanto resuelve que para la determinación de causa probable para arrestar no se debe exigir que la denuncia exponga con perfección legal todos los elementos del delito que pretende imputar, ya que la prueba que es sometida ante el juez instructor suple cualquier defecto en la denuncia. En este caso no se alega la ausencia de prueba. Basta que de la denuncia misma surja con razonable claridad el acto punible que se alega realizó el denunciado. Exigir que la denuncia presentada ante un magistrado para la determinación de causa probable para arrestar exhiba con precisión todos y cada uno de los elementos constitutivos del delito atribuido, haría difícil de instrumentar eficazmente las disposiciones de la Regla 5 de Procedimiento Criminal, las cuales permiten que los miembros de la Policía Estatal en todos los casos, y otros funcionarios y empleados públicos en los casos relacionados con el desempeño de sus deberes y funciones, y personas particulares con

conocimiento personal de los hechos que constituyen el delito imputado firmen y juren denuncias.

Con las aclaraciones expuestas, concurro con el resultado de la opinión del Tribunal.