# 95 DTA 216

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL DE CAROLINA**

PUEBLO DE PUERTO RICO
Recurrido

v.

DONNY RAMOS RODRIGUEZ
Acusado-Peticionario

Núm. KLCE-95-00182

San Juan, Puerto Rico, a 30 de junio de 1995

Panel integrado por su presidenta, Juez Rivera de Martínez
y los Jueces Cabán Castro y Martínez Torres

## TEXTO COMPLETO DE LA RESOLUCION

El acusado-peticionario solicita, mediante el recurso de *certiorari*, que desestimemos el caso de epígrafe bajo la Regla 64(a) de las de Procedimiento Criminal, ya que alegadamente los hechos formulados en la denuncia no configuran el delito de negligencia crasa y temeraria al conducir un vehículo de motor.

La controversia a resolver versa sobre el hecho de si una denuncia tiene que exponer en los hechos alegados todos los elementos del delito imputado.

### I

Para un análisis correcto del asunto planteado en controversia en el presente caso, la cual reza como sigue:

*"El referido acusado DONNY RAMOS RODRIGUEZ, allá en o para el día, hora y sitio arriba indicados, ilegalmente y mientras conducía el vehículo de motor marca Chevrolet*

*Blazer, año 1989, tablilla 386-430, por la carretera 194 de Fajardo hacia Ceiba, lo hizo con tal descuido, imprudencia crasa o temeraria, demostrando un absoluto menosprecio de la seguridad de los demás, consistente en que no se percató de la presencia de un peatón, ya que impuso a su vehículo una barrera visual lo que provocó impactar al peatón FRANCISCO SEPULVEDA TREVIÑO, causándole severo trauma corporal que le ocasionaron la muerte."*

El peticionario basa su alegación en que el mero hecho de tener tintes oscuros en los cristales del automóvil no configura por sí sólo el delito que se le imputa bajo el artículo 87 del Código Penal de Puerto Rico.

La Regla Núm. 64 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 64, dispone los fundamentos que el tribunal deberá tomar en consideración para determinar si desestima una acusación o denuncia o cualquier cargo de las mismas. En su inciso (a) preceptúa como uno de los fundamentos para desestimar el hecho de que la acusación o denuncia no imputa delito.

Lo anterior tiene el alcance de que aun admitiendo el tribunal como ciertas las alegaciones en la denuncia o acusación, no obstante ello, éstas no configuran delito alguno bajo nuestras leyes de naturaleza penal. Sobre esto, se ha sostenido, que aunque no tiene que tratarse del mismo delito invocado en la acusación, si el tribunal estima que la acusación imputa un delito distinto a aquél por el cual se interesa acusar, hay que tener en cuenta la relación entre el delito pretendido por el fiscal y el delito que a juicio del tribunal se imputa en la acusación. Si se trata de un delito distinto no incluido en el que se pretendía imputar, puede surgir un problema de prescripción o de que no se determinó causa probable para el arresto o para acusar por el delito correcto, lo cual constituiría una causa independiente para desestimar. E. L. Chiesa Aponte, *Derecho Procesal Penal de Puerto Rico y Estados Unidos,* Editorial Forum, Vol. III, Sec. 26.2, pág. 226.

Aunque la moción de desestimación se considera una de naturaleza privilegiada, ya que puede presentarse en cualquier momento de acuerdo con la Regla 63 de las de Procedimiento Criminal, no obstante, hay que tomar en consideración si lo que se alega constituye un defecto de forma o si es uno sustancial. Sobre esto, la Regla 36 de las de Procedimiento Criminal específicamente dispone que el juicio, la sentencia o cualquier otro procedimiento no serán afectados por meros errores de forma, ni será insuficiente una acusación o una denuncia por esta razón, siempre que no se perjudiquen derechos sustanciales del acusado. En tales casos, el tribunal podrá permitir en cualquier momento las enmiendas necesarias para subsanar el defecto de forma. De otra parte, de acuerdo con la Regla 38(a) de las de Procedimiento Criminal, en ausencia de enmienda, dicho defecto, imperfección u omisión de forma, se entenderá que ha sido subsanado una vez rendido el veredicto por el jurado o emitido el fallo por el tribunal.

En lo que respecta a defectos sustanciales, la referida Regla 38 en su inciso (b) provee para que en tales casos el tribunal pueda permitir en cualquier momento antes de la convicción o absolución del acusado, que se incorporen las enmiendas necesarias para subsanarlo. Dicha regla dispone, además, que cuando el defecto se relacione con una acusación, el acusado tendrá derecho a que se celebre de nuevo el acto de la lectura de la acusación, mientras que si se refiere a una denuncia, el acusado tendrá derecho a que el juicio se celebre después de los cinco (5) días siguientes a aquél en que se hiciere la enmienda.

Todas estas reglas hay que analizarlas armonizando unas con las otras, teniendo en mente el principio de que debemos impedir que se malogre la administración de la justicia cuando existan discrepancias entre la prueba y la acusación, pero salvaguardando a la vez el derecho del acusado a tener un juicio imparcial y justo, con amplia oportunidad de preparar su defensa. *Ríos Mora v. Tribunal Superior.* 95 D.P.R. 117 (1967).

Tampoco podemos perder de vista que las disposiciones de tales reglas deben ser interpretadas y aplicadas no solamente de modo que aseguren la tramitación justa de todo procedimiento y eviten dilaciones y gastos injustificados, sino que deben aplicarse de forma que se logre la liberalidad y flexibilidad en los procedimientos criminales, salvaguardando siempre los derechos del acusado. *Pueblo v. González.* 97 D.P.R. 541 (1969).

Por ello, se ha sostenido que únicamente si la incongruencia entre las alegaciones y la prueba es de tal magnitud, que expone al acusado a que se perjudiquen sus derechos sustanciales, es que el tribunal procederá a disolver el jurado y se sobreseerá el proceso. Sin embargo tal perjuicio no se produce de ordinario, a menos que la incongruencia sea de tal orden que impida u obstaculice de modo significativo la preparación de la defensa o exponga al acusado a la posibilidad de ser enjuiciado dos veces por el mismo delito. *Pueblo v. Santiago Cedeño.* 106 D.P.R. 663 (1978).

En lo que se refiere a este aspecto la citada Regla 38, *supra*, en su inciso (c) permite en aquellos casos en que el desacuerdo entre las alegaciones y la prueba es de tal naturaleza que puede afectar los derechos sustanciales del acusado, que el tribunal posponga el juicio, sin tener que absolver al acusado.

Como las citadas reglas no expresan lo que constituye un defecto sustancial,█ en ausencia de definición a tales efectos, la Regla 38 tiene que interpretarse de manera tal que se logren los fines de la justicia en el caso, salvaguardando siempre los derechos del acusado. Para ello, dicha regla según se ha interpretado, autoriza inclusive a enmendar el pliego acusatorio para corregir una omisión en la imputación de los elementos constitutivos del delito. Es decir, se deriva de la misma, la facultad para añadir mediante enmienda antes del juicio hasta un elemento esencial del delito. *Rabell Martínez v. Tribunal.* 102 D.P.R. 39 (1974); *Pueblo v. Gonzalez, supra;* O. E. Resumil de Sanfilippo, *Práctica Jurídica de Puerto Rico* Vol. II, Sec. 17.16, pág. 37. Aceptado el hecho de que una acusación no aduce suficientes hechos constitutivos de delito público, ésta puede ser enmendada antes de la convicción o absolución del acusado, tras lo cual se le celebrará de nuevo el acto de lectura de la acusación, no procediendo la desestimación de dicha acusación bajo las disposiciones de la Regla 64 de las de Procedimiento Criminal. *Rodríguez Muñoz v. Tribunal Superior,* 95 D.P.R. 360 (1967).

La denuncia se considera un mero escrito o pliego mediante el cual se informa la naturaleza del delito imputado del cual no se exigen requisitos extremos de suficiencia que satisfagan la definición óptima del delito, ya que el juez para determinar causa probable no se guía por la denuncia, sino por la prueba. *Rabell Martínez v. Tribunal Superior, supra.*

La moción de desestimación basada en que la denuncia o acusación no imputa delito es privilegiada en el sentido de que puede presentarse en cualquier momento, conforme a lo dispuesto por la Regla 63, *supra.* Sin embargo, se trata de un **defecto subsanable que puede ser corregido mediante enmienda al pliego acusatorio.** Chiesa, *Derecho Procesal Penal de Puerto Rico y Estados Unidos* III, Sec. 26.2, pág. 227.

El planteamiento en el caso ante la consideración de este tribunal presenta una cuestión de hechos que evidentemente va a depender de la prueba que desfile en su día ante el tribunal de instancia. Ya hemos visto que la denuncia, al igual que la acusación, son consideradas como escritos informativos, por lo que contienen sólo información general. No se requieren, como indicamos anteriormente, requisitos de suficiencia que satisfagan la definición óptima del delito, porque el juzgador en las distintas etapas del proceso tiene que dejarse guiar por la prueba que se presente en el caso. Esta afirmación se hace sin menoscabo del hecho de que para que se pueda determinar la culpabilidad de un acusado más allá de duda razonable es necesario que el juzgador tenga una firme convicción o certeza moral con respecto a la verdad de los hechos envueltos en la denuncia o en la acusación de que se trate.

## II

Por los fundamentos esbozados, no podemos determinar, como pretende el peticionario, que la barrera visual consistente en los llamados *"tintes oscuros"* en los cristales del vehículo que conducía el acusado, no constituyera una limitación de tal magnitud que impidiera al acusado observar la presencia del peatón, cuya muerte alegadamente provocó, configurándose el delito que se imputa. No nos persuade el argumento del acusado para revocar la resolución recurrida.

Una interpretación armoniosa y racional de las disposiciones reglamentarias y la jurisprudencia que hemos citado, conjuntamente con el análisis del asunto planteado, nos lleva a concluir forzosamente que no procede la moción de desestimación, ya que la denuncia cumple con los requisitos esenciales. Corresponde al Ministerio Público, si el caso llega a la etapa del juicio, probar en su día, más allá de duda razonable, que la barrera visual a la cual se alude en la denuncia fue lo que provocó que el acusado impactara al peatón en la forma y manera que expresa la misma. Por lo tanto, el tribunal de instancia actuó correctamente al declarar la referida moción sin lugar.

Por las razones que anteceden, se deniega el recurso instado.

Lo acordó el Tribunal y lo certifica la señora Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 216

**1.** Dicha regla dispone: *"Excepto las defensas de falta de jurisdicción del tribunal y la de que no se imputa delito, las cuales podrán presentarse en cualquier momento, cualquier defensa u objeción susceptible de ser determinada sin entrar en el caso en su fondo se deberá promover mediante moción presentada al hacerse alegación de no culpable o antes de alegar, pero el tribunal podrá permitir por causa justificada la presentación de dicha moción dentro de un período no mayor de veinte (20) días después del acto de lectura de la acusación en los casos en que deba celebrarse dicho acto. Cuando se hubiere entregado personalmente al acusado una copia de la acusación, el término para la presentación de esta moción será de no más de veinte (20) días desde que el acusado hubiese respondido. Cuando no hubiese contestado, el término será de no más de veinte (20) días después de que se registre la alegación de no culpable.*

*La moción incluirá todas las defensas y objeciones de tal índole que pueda disponer el acusado. La omisión de presentar cualquiera de dichas defensas u objeciones en el término dispuesto constituirá una renuncia de la misma, pero el tribunal podrá eximir al acusado, por causa justificada, de los efectos de tal renuncia.*

*Una moción para desestimar basada en lo provisto en la Regla 64(n)(3) ó (4) deberá presentarse antes de ser llamado el caso para juicio."* 34 L.P.R.A. Ap. II, R. 63.

**2.** La citada regla preceptúa: *"Una acusación o denuncia no será insuficiente, ni podrán ser afectados el juicio, la sentencia o cualquier otro procedimiento basados en dicha acusación o denuncia, por causa de algún defecto, imperfección u omisión de forma que no perjudicare los derechos sustanciales del acusado."* 34 L.P.R.A. Ap. II, R. 36.

**3.** A tales efectos, la regla lee como sigue:

*"(a) **Subsanación de defectos de forma.** Si la acusación, la denuncia o un escrito de epecificaciones adolecieren de algún defecto, imperfección u omisión de forma aludido en la Regla 36, el tribunal podrá permitir en cualquier momento las enmiendas necesarias para subsanarlo. En ausencia de enmienda, dicho defecto, imperfección u omisión se entenderá subsanado una vez rendido el veredicto del jurado o el fallo del*

*tribunal.*

*(b) Subsanación de defecto sustancial. Si la acusación o la denuncia adolecieren de algún defecto u omisión sustancial, el tribunal en el cuál se ventilare originalmente el proceso podrá permitir, en cualquier momento antes de la convicción o absolución del acusado, las enmiendas necesarias para subsanarlo. Si se tratare de una acusación, el acusado tendrá derecho a que se le celebre de nuevo el acto de la lectura de la acusación. Si se tratare de una denuncia, el acusado tendrá derecho a que el juicio se le celebre después de los cinco (5) días siguientes a aquél en que se hiciere la enmienda.*

*(c) Adición de cargos o de acusados. Antes de comenzado el juicio el Tribunal de Distrito podrá permitir enmiendas a la denuncia para añadir nuevos cargos, a [o] nuevos acusados a quienes se les hubieren celebrado los procedimientos preliminares provistos en las Reglas 6, 7 y 22. En tales casos, los acusados tendrán derecho a que el juicio se les celebre después de los cinco (5) días siguientes a aquél en que se hiciere la enmienda.*

(d) **Incongruencia entre las alegaciones y la prueba.** El tribunal podrá permitir enmiendas a la acusación, a la denuncia o a un escrito de especificaciones en cualquier momento antes de la convicción o absolución del acusado, en caso de que hubiere incongruencia entre las alegaciones y la prueba. La incongruencia o desacuerdo entre las alegaciones y la prueba no será fundamento para la absolución del acusado; pero el tribunal, siempre que el acusado no se opusiere, deberá posponer el juicio si es de opinión que los derechos sustanciales del acusado se han perjudicado, para celebrarlo ante otro jurado o ante el mismo tribunal si el juicio no fuere por jurado, y según el tribunal determinare.

*Si la incongruencia o desacuerdo es de tal naturaleza que la prueba estableciere un delito distinto del imputado, no incluido en éste, o estableciere la comisión de un delito fuera de la competencia del tribunal, se deberá disolver el jurado y se sobreseerá el proceso."* 34 L.P.R.A. Ap. II, R. 38.

**4.** No obstante, jurisprudencialmente se ha sostenido que a los fines de enmendar una acusación bajo las disposiciones de la Regla 38(b), son cuestiones sustanciales todos los hechos que necesariamente deben ser probados para hacer del acto imputado un delito. *Pueblo v. González,* 97 D.P.R. 541, (1969).