*904 SENTENCIA
El Sr. Elvin Rivera Beltrán (Rivera Beltrán) recurre de una decisión del Tribunal de Apelaciones, que a su vez confirmó una determinación de la Junta de Libertad bajo Palabra (Junta), en la que se resolvió que el peticionario no es elegible para disfrutar del beneficio de libertad bajo palabra al amparo de la Ley Núm. 33 de 27 de julio de 1993 (Ley Núm. 33), 34 L.P.R.A. see. 1026 et seq. El recurso nos permite resolver si una persona, que hace una alegación de culpabilidad que no incluye el uso de un arma de fuego en la comisión de los delitos imputados, es elegible para disfrutar del beneficio de libertad bajo palabra, aun cuando fue acusado por ese hecho.
I
Rivera Beltrán fue acusado por los delitos de recibir bienes apropiados ilegalmente, robo domiciliario, tentativa de asesinato y por infracción a los Arts. 4, 6 y 8 de la Ley de Armas de Puerto Rico, 25 L.P.R.A. sees. 414, 416 y 418. En la acusación se alegó que utilizó un arma de fuego en la comisión de los delitos imputados.
Durante el juicio, Rivera Beltrán y el Ministerio Público llegaron a un acuerdo, en virtud del cual se enmendó la acusación para eliminar toda referencia al uso de un arma de fuego en la comisión de los delitos. Conforme al acuerdo, el acusado se declaró culpable de los delitos, según imputados en la acusación enmendada. Aceptado el acuerdo y la alegación de culpabilidad, el tribunal lo sentenció.
Posteriormente, Rivera Beltrán solicitó a la Junta que le concediera el beneficio de la libertad bajo palabra. Sin embargo, la Junta se declaró sin jurisdicción, por entender que la Ley Núm. 33 excluye del beneficio solicitado a la persona que haya utilizado un arma de fuego en la comisión de un delito grave o su tentativa.
*905 Inconforme, Rivera Beltrán acudió ante el Tribunal de Apelaciones, aduciendo que la Junta erró al declararse sin jurisdicción, ya que él nunca fue sentenciado por haber utilizado un arma de fuego. Dicho foro confirmó la decisión de la Junta. Insatisfecho con el dictamen, Rivera Beltrán apela ante nos y alega que erró el foro intermedio al confirmar la determinación de la Junta, sin considerar que la sentencia condenatoria no incluyó la determinación sobre el uso de un arma de fuego en la comisión de los delitos.
Acogimos el recurso como una petición de certiorari y acordamos expedir. Las partes han comparecido a exponer sus respectivas posiciones. Conforme a ello, resolvemos.
II
La controversia del caso de autos se limita a establecer si la elegibilidad para el beneficio de la libertad bajo palabra debe determinarse a la luz de la sentencia o el fallo condenatorio o si, por el contrario, la Junta está facultada para hacer su determinación a la luz de la totalidad del expediente del proceso judicial.
En Puerto Rico, la libertad bajo palabra está regulada por la Ley Núm. 118 de 22 de julio de 1974 (4 L.P.R.A. see. 1501 et seq.) (Ley Núm. 118), y constituye un privilegio que se otorga en el mejor interés de la sociedad y cuando las circunstancias establezcan que propiciará la rehabilitación del confinado. Lebrón Pérez v. Alcaide, Cárcel de Distrito, 91 D.P.R. 567 (1964).
La Ley Núm. 118 creó la Junta de Libertad bajo Palabra y le concedió discreción para decretar la libertad bajo palabra de cualquier persona recluida en las instituciones penales de Puerto Rico, sujeto a que cumpla con el término mínimo dispuesto por ley y que no se trate de los delitos excluidos de dicho beneficio. 4 L.P.R.A. see. 1503; Toro Ruiz v. J.L.B.P. y otros, 134 D.P.R. 161 (1993); Ortiz v. Alcaide Penitenciaría Estatal, 131 D.P.R. 849 (1992).
*906 En vista de que se trata de un privilegio, la Asamblea Legislativa puede limitar su concesión y excluir del beneficio a las personas que hayan cometido ciertos delitos. Así lo hizo cuando aprobó la Ley Núm. 33. Por considerar que es peligroso que las personas que delinquen utilizando armas de fuegos estén en la libre comunidad antes de que cumplan con el término de reclusión, el legislador estableció que “[en] los casos en que se determine que la persona utilizó(1) un arma de fuego en la comisión de un delito grave o su tentativa, no se concederá el beneficio de la libertad bajo palabra”. 1993 (Parte 1) Leyes de Puerto Rico 174.
Por lo tanto, para que una persona quede excluida del beneficio de libertad bajo palabra, tiene que haber una determinación de que la persona utilizó un arma de fuego en la comisión de un delito grave o su tentativa. En nuestro ordenamiento dicha determinación surge del fallo o de la sentencia recaída, que recoge los hechos efectivamente probados ante el juzgador.(2) Por ende, la Junta tiene que considerar el fallo o la sentencia emitida por el tribunal sentenciador para determinar si una persona recluida es elegible para el beneficio de libertad bajo palabra.
Como consecuencia, la Junta no puede utilizar la denuncia o la acusación para este propósito, pues dichos documentos contienen hechos que no se probaron en el proceso judicial, luego de brindarle al acusado todas las garantías del debido proceso de ley. Éstos sólo son docu *907 mentos con los cuales se comienza el trámite procesal penal que imputa la comisión de un posible delito. Rabell Martínez v. Tribunal Superior, 102 D.P.R. 39 (1974). De utilizarse la denuncia o la acusación, se estaría privando a una persona de la oportunidad de solicitar la concesión de la libertad bajo palabra fundamentado en hechos que no fueron probados por el juzgador.
A tenor con lo dispuesto en la Ley Núm. 33, en Pueblo v. Álvarez Rodríguez, 154 D.P.R. 566 (2001), concluimos que una persona que ha sido convicta de un delito grave o su tentativa y que utilizó un arma de fuego no es acreedora al beneficio de una sentencia suspendida. En dicho caso el tribunal expresamente declaró al acusado culpable de un delito grave mediante el uso de un arma de fuego. Ahora bien, este Tribunal no se ha pronunciado hasta ahora si dicha normativa se extiende cuando medie una alegación preacordada que no incluye el uso de un arma de fuego. Esa es precisamente la controversia de autos.
Al adjudicarla, partimos de la premisa de que mediante las alegaciones preacordadas, un acusado puede declararse culpable del delito por el cual se le acusa, o bien por uno de grado inferior o relacionado. Una vez un acusado se declara culpable y el tribunal acepta la alegación de culpabilidad, la alegación se hace formar parte de la sentencia. Como la sentencia recoge los hechos probados, su contenido es determinante para establecer la elegibilidad del beneficio de libertad bajo palabra. Por ende, si el tribunal acepta una alegación de culpabilidad que no incluye el uso de un arma de fuego, la Junta está impedida de utilizar ese hecho para determinar si el acusado es elegible para el beneficio de libertad bajo palabra, precisamente porque éste no se hizo formar parte de la sentencia.
Visto el derecho aplicable, analicemos los hechos ante nos.
*908 H-í H—i
Rivera Beltrán recurre ante nos y cuestiona que la Junta erró al declararse sin jurisdicción en su caso. Sostiene que la sentencia condenatoria no incluyó la determinación sobre el uso de un arma de fuego en la comisión de los delitos y que, por lo tanto, la Junta no podía declarase sin jurisdicción. Específicamente, afirma que se declaró culpable de los delitos imputados después de que, en virtud de un preacuerdo con el fiscal, se eliminara de la acusación la alegación de la utilización de un arma de fuego en la comisión de dichos delitos. Aduce que nunca se declaró culpable del uso de un arma de fuego y que este hecho no quedó incorporado a la sentencia condenatoria, por lo que no podía ser considerado por la Junta para determinar su jurisdicción.
Por su parte, el Procurador General afirma que la declaración de culpabilidad por los delitos de poseer y portar un arma sin licencia es concluyente en cuanto a la presencia de un arma de fuego en la escena de los hechos. Aduce que es razonable concluir, como lo hizo la Junta, que el acusado usó dicha arma. No tiene razón.
Para determinar si se utilizó un arma de fuego en la comisión de los delitos imputados, la Junta estaba obligada a usar criterios cónsonos con nuestro ordenamiento jurídico. En particular, la Junta no podía declararse sin jurisdicción para atender la solicitud de Rivera Beltrán a base de consideraciones tácticas que el juzgador no encontró probadas, y que no fueron admitidas por el peticionario en su alegación preacordada. Es por eso que la Junta tenía que considerar la sentencia condenatoria para determinar su jurisdicción.
Distinto al caso Pueblo v. Álvarez Rodríguez, supra, en el cual se determinó que el acusado cometió el delito mediante el uso de un arma de fuego, Rivera Beltrán nunca se declaró culpable de la utilización del arma de fuego y ese *909 hecho tampoco se le probó más allá de duda razonable. En vista de ello, y al no haber otra razón para excluirlo de la elegibilidad para disfrutar del beneficio, concluimos que la Junta tenía jurisdicción para evaluar la solicitud de Rivera Beltrán. Nuestra decisión no implica que el peticionario tenga derecho a que se le conceda la libertad bajo palabra. Corresponde a la Junta evaluar, en el ejercicio de su discreción y conforme a los criterios establecidos por ley, si procede concederle dicho privilegio.
IV
Por los fundamentos expuestos anteriormente, se revoca la sentencia del Tribunal de Apelaciones. Se devuelve el caso a la Junta de Libertad bajo Palabra para que oportunamente examine la solicitud de Rivera Beltrán y determine si procede concederle los beneficios de la libertad bajo palabra.
Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada Señora Rodríguez Rodríguez emitió una opinión concurrente, a la cual se unió el Juez Asociado Señor Rebollo López. El Juez Asociado Señor Fuster Berlingeri no intervino.

 La Ley Núm. 33 de 27 de julio de 1993 (34 L.P.R.A. see. 1026 et seq.) (Ley Núm. 33) originalmente excluía del beneficio de libertad bajo palabra a la persona que utilizó o intentó utilizar un arma de fuego en la comisión de un delito grave o su tentativa. Posteriormente, dicha ley fue enmendada por la Ley Núm. 28 de 1 de julio de 1997, que suprimió la parte “o intentó utilizar”.

 El fallo es el pronunciamiento de absolución o culpabilidad que hace el juez en virtud de la alegación de culpabilidad del acusado, o el veredicto del jurado o de su propia determinación en los casos por tribunal de derecho. Por otro lado, la sentencia es el pronunciamiento judicial de la pena que se le impone al acusado tras el fallo de culpabilidad. E.L. Chiesa, Derecho procesal penal de Puerto Rico y Estados Unidos, Bogotá, Ed. Forum, 1993, págs. 519 y 522.