## ESTADO LIBRE ASOCIADO DE PUERTO RICO
## TRIBUNAL DE APELACIONES
## PANEL IV

| | | |
|---|---|---|
| **EL PUEBLO DE PUERTO RICO**<br><br>Recurrido<br><br>v.<br><br>**MIGUEL A. MÉNDEZ ROMÁN**<br><br>Peticionario | KLCE202401357 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de **Bayamón**<br><br>Civil Núm.:<br>**D ST2023G0014**<br>**D BD2023G0179**<br><br>Sobre:<br>Art. 222 CP;<br>Tent. Art. 182 CP |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

### RESOLUCIÓN

En San Juan, Puerto Rico, a 13 de marzo de 2025.

Comparece ante este Tribunal, Miguel A. Méndez Román (Méndez Román o peticionario) y solicita que revoquemos la *Resolución* que emitió el Tribunal de Primera Instancia (TPI), Sala Superior de Bayamón, el 25 de octubre de 2024. Por medio del dictamen recurrido, el foro *a quo* autorizó la enmienda a una acusación instada contra Méndez Román, al amparo de la Regla 38 de Procedimiento Criminal de Puerto Rico.[1]

Por las razones que expondremos a continuación, se deniega la expedición del auto de *certiorari* solicitado.

### I.

Por hechos acaecidos el 22 de abril de 2022, el Ministerio Público presentó contra Méndez Román denuncias por infracción a los Artículos 182 y 222 del Código Penal de Puerto Rico, Ley Núm. 146-2012, 33 LPRA secs. 5252 y 5292. En lo pertinente, el título de la denuncia por el Artículo 182, que tipifica el delito de apropiación

---

[1] 34 LPRA Ap. II, R. 38.

ilegal agravada, mencionaba una tentativa. El cuerpo de la denuncia expresaba lo siguiente:

> Miguel Ángel Méndez Román, allí y entonces en fecha, hora arriba indicada y en el negocio Angelito Baby Food en la Calle Carrazo en Guaynabo; Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala de Bayamón, ilegal, voluntaria, maliciosa, a propósito, con conocimiento, a sabiendas y con la intención criminal, **se apropió** ilegalmente de bienes muebles ajenos sin violencia ni intimidación, perteneciente al Sr. Harold Torres Román. Consistente en que se apropió de $24,000.00 dólares, privando a su legítimo dueño del libre goce y disfrute de su propiedad. La propiedad no fue recuperada. (Énfasis nuestro).

Sometido el caso mediante declaración jurada en la vista al amparo de la Regla 6 de Procedimiento Criminal, 34 LPRA Ap. II, R. 6, la Jueza encontró causa probable para arresto por el delito imputado. El 17 de agosto de 2023, Méndez Román renunció por escrito a la vista preliminar, por lo que, mediante *Resolución* dictada ese mismo día, el TPI determinó que existía causa probable para creer que éste cometió los delitos imputados en las denuncias.[2] Así las cosas, el 18 de agosto de 2023, el Ministerio Público presentó la correspondiente acusación, que lee así:[3]

> MIGUEL ÁNGEL MÉNDEZ ROMÁN, allí y entonces en fecha, hora arriba indicada y en el negocio ANGELITO BABY FOOD en la CALLE CARRAZO en Guaynabo; Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala de Bayamón, ilegal, voluntaria, maliciosa, a propósito, con conocimiento, a sabiendas y con la intención criminal, **SE APROPIÓ** ilegalmente de bienes muebles ajenos sin violencia ni intimidación, PERTENECIENTE AL Sr. HAROLD TORRES ROMÁN. CONSISTENTE EN QUE SE APROPIÓ DE $24,000.00 DÓLARES, privando a su legítimo dueño del libre goce y disfrute de su propiedad. La propiedad no fue recuperada. (Énfasis nuestro).

Luego de varios trámites procesales, y comenzados los procedimientos del juicio por jurado, el 10 de abril de 2024, el Ministerio Público instó una *Moción Solicitando Enmienda a la Acusación al Amparo de la Regla 38 de Procedimiento Criminal.*

---

[2] Apéndice del recurso, págs. 14-17.
[3] Apéndice del recurso, págs. 18-19.

Esencialmente, adujo que en la acusación concernida existía una dicotomía entre el título y el contenido del delito imputado, lo cual entendía era un error de forma. Particularizó que el error estribaba en que, luego de examinar la denuncia, la boleta y el pliego acusatorio presentado en la lectura de acusación, era evidente que la acusación adolecía de un error en el título cuando el mismo se comparaba con el cuerpo o contenido. A su vez, arguyó que el cuerpo de la acusación cumplía con todos los requisitos aplicables e imputaba correctamente las violaciones al delito concernido.

En armonía con lo anterior, el Ministerio Público destacó que la referida dicotomía no acarreaba la insuficiencia del pliego acusatorio ni perjudicaba los derechos sustanciales de Méndez Román. Añadió que la renuncia de la defensa a celebrar la vista preliminar no constituyó una renuncia sobre el título de la denuncia, sino sobre el cuerpo de ésta y que la autorización de presentar acusaciones por los delitos imputados en las denuncias no versaba sobre el título, sino sobre su contenido. Esbozó, a su vez, que, en la lectura de acusación, la defensa afirmó que dio por leída las acusaciones, por lo que era razonable concluir que Méndez Román quedó debidamente informado de los cargos que pesaban en su contra. Por todo lo anterior, solicitó la enmienda del título del pliego acusatorio para que se identificara correctamente conforme al delito imputado en su cuerpo o contenido.

Por su parte, ese mismo día, Méndez Román incoó una *Moción sobre Enmienda de Pliego Acusatorio*. Esbozó que el juicio estaba pautado para el 11 de abril de 2024, con la continuación de la desinsaculación del jurado. Añadió que, de conformidad con la Regla 64 de Procedimiento Criminal, 34 LPRA Ap. II, R. 64, el Ministerio Público carecía de autoridad para radicar el pliego acusatorio por el delito tipificado en el Art. 182 del Código Penal de 2012. Por tanto, solicitó al foro de instancia que ordenara la enmienda del pliego

acusatorio, a los fines de que imputara el delito del Art. 182 del Código Penal en su modalidad de tentativa, según autorizado en la vista de determinación de causa probable para acusar.

Evaluadas ambas posturas, el 25 de octubre de 2024, el TPI dictó la *Resolución* que hoy revisamos, mediante la cual permitió la enmienda al título de la acusación por el Art. 182 del Código Penal solicitada por el Ministerio Público. Ello, a los fines de eliminar la palabra "tentativa" del pliego acusatorio. Además, autorizó la presentación de dicha acusación enmendada.

En desacuerdo, el 12 de noviembre de 2024, Méndez Román solicitó reconsideración, pero la misma fue denegada por el TPI mediante *Orden* del 15 de noviembre de 2024.[4]

Aun inconforme, Méndez Román recurre ante nos en recurso de *certiorari* y plantea que el Tribunal cometió los siguientes errores:

> Erró el Tribunal de Primera Instancia al declarar HA LUGAR la Moción de enmendar la acusación para eliminar la modalidad de tentativa del Artículo 182 del Código Penal del 2012, a pesar de que la determinación de vista preliminar fue por la modalidad de tentativa de dicho delito.

> Erró el Tribunal de Primera Instancia al concluir que la solicitud del Ministerio Público constituye una enmienda de forma, que no afecta los derechos del recurrente, ni requiere un nuevo acto de lectura de acusación, cuando realmente no procede enmienda alguna, ya que el Estado pretende acusar por otro delito con una pena mayor y por el cual no se obtuvo autorización del Magistrado para ello.

Con el beneficio de la comparecencia de la Oficina del Procurador General, en representación del Pueblo de Puerto Rico (recurrido), procedemos a resolver.

## II.

### A.

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores

---

[4] Apéndice del recurso, págs. 5-8.

que cometa el foro primario, sean procesales o sustantivos.[5] Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión ecuánime. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se

---

[5] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *León v. Rest. El Tropical*, 154 DPR 249 (2001).

encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.[6]

**B.**

La acusación es una alegación escrita hecha por un fiscal al Tribunal de Primera Instancia en la cual se le imputa a una persona la comisión de un delito. Regla 34(a) de Procedimiento Criminal de Puerto Rico, 34 LPRA Ap. II, R. 34(a). La misma cumple con el requisito constitucional de notificar al imputado los cargos pendientes en su contra. Para que se satisfaga esta exigencia, la acusación debe dar suficiente aviso al acusado de qué se le acusa, de forma que este pueda preparar una defensa adecuada. *Pueblo v. Montero Luciano*, 169 DPR 360, 372-373 (2006); *Pueblo v. Ríos Alonso*, 156 DPR 428, 437 (2002).[7]

A los efectos de regular este importante documento se creó la Regla 35(c) de Procedimiento Criminal de Puerto Rico, 34 LPRA Ap. II, R. 35(c). La misma precisa que una acusación o denuncia ha de contener:

> Una exposición de los hechos esenciales constitutivos del delito, redactada en lenguaje sencillo, claro y conciso, y de tal modo que pueda entenderla cualquier persona de inteligencia común. Las palabras usadas en dicha exposición se interpretarán en su acepción usual en el lenguaje corriente, con excepción de aquellas palabras y frases definidas por ley o por la jurisprudencia, las cuales se interpretarán en su significado legal. Dicha exposición no tendrá que emplear estrictamente las palabras usadas en la ley, y podrá emplear otras que tuvieren el mismo significado. En ningún caso será necesario el expresar en la acusación o denuncia presunciones legales ni materias de conocimiento judicial.

---

[6] Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González*, 149 DPR 859, 866 (1999).

[7] Véase, además, *Pueblo v. Meléndez Cartagena*, 106 DPR 338, 341 (1977); *Rabell Martínez v. Tribunal Superior*, 102 DPR 39, 42 (1974).

Como puede observarse, es fundamental que la acusación exponga de forma sencilla, clara y concisa los hechos cardinales constitutivos del delito imputado de tal modo que pueda entenderla cualquier persona de inteligencia común. Regla 35(c) de Procedimiento Criminal de Puerto Rico, *supra*; *Pueblo v. Santiago Cedeño*, 106 DPR 663, 666-667 (1978). Es preciso señalar que, en conformidad con las normas de interpretación que aseguran un procedimiento justo, sin dilaciones y sin gastos injustificados, a la luz de la Regla 35 de Procedimiento Criminal, *supra*, nuestro Tribunal Supremo ha avalado una interpretación liberal al analizar la suficiencia del pliego acusatorio. Reglas 1 y 35 de Procedimiento Criminal, 34 LPRA Ap. II, R. 1 y 35; *Pueblo v. Pérez Feliciano*, 183 DPR 1003, 1013 (2011), citando a *Pueblo v. Felicier Villalongo*, 105 DPR 600 (1977).

De otra parte, cuando la acusación, la denuncia o un escrito de especificaciones adolece de algún defecto de forma o sustancial, la Regla 38 de Procedimiento Criminal dispone con gran liberalidad que el tribunal podrá permitir las enmiendas que sean necesarias para subsanarlo. *Pueblo v. Vélez Rodríguez*, 186 DPR 621, 630 (2012). La Regla 36 de Procedimiento Criminal establece que un defecto de forma es aquel que no perjudica los derechos sustanciales del acusado, por lo que, el tribunal podrá permitir en cualquier momento las enmiendas necesarias para subsanar dicho defecto de forma. *Íd.*

Por otro lado, el defecto sustancial "es el que perjudica los derechos sustanciales del acusado, bien porque le impide preparar adecuadamente su defensa o porque, sencillamente, tiene el efecto de insuficiencia de la acusación o denuncia". *Pueblo v. Vélez Rodríguez*, supra.[8] Por ello, cuando una acusación o denuncia

---

[8] Citando a E.L. Chiesa, *Derecho procesal penal de Puerto Rico y Estados Unidos*, Bogotá, Ed. Forum, 1995, Vol. III, pág. 120.

adolece de un defecto sustancial, el tribunal en el cual se ventilare originalmente el proceso podrá permitir, en cualquier momento antes de la convicción o absolución del acusado, las enmiendas necesarias para subsanarlo. En los casos que traten de una acusación, el acusado tendrá el derecho a que se celebre un nuevo acto de lectura de acusación. *Íd.*

### III.

En su recurso, el peticionario nos invita a que revoquemos la determinación del Tribunal de Primera Instancia que dio paso a la enmienda a la acusación solicitada por el Ministerio Público para eliminar la palabra tentativa del delito de apropiación ilegal agravada. Arguye que la referida enmienda es un subterfugio del Estado para procesarlo por un delito mayor al delito autorizado por el Juez en la etapa de vista preliminar. Es su contención que el Ministerio Público siempre tuvo la intención de encausarlo por el delito de tentativa de apropiación ilegal desde que se autorizó la radicación de la denuncia, y que la Jueza hizo constar en la denuncia que el delito por el cual determinó causa para arrestar fue la tentativa del Art. 182 del Código Penal de 2012. Argumenta que renunció a la celebración de la vista preliminar y que el Juez determinó causa por tentativa de apropiación ilegal en corte abierta, en presencia del Ministerio Público y su representación legal. Esboza que, debido lo anterior, correspondía al Ministerio Público solicitar una vista en alzada y no lo hizo, lo cual tornó la petición de enmienda concernida en tardía. Esgrime que la situación de autos no se debe a un error en la acusación de tentativa de apropiación ilegal, toda vez que la resolución de la vista preliminar especificaba dicho delito. En suma, sostiene que la actuación del Ministerio Público fue tardía y violenta crasamente sus derechos sustanciales y fundamentales como el debido proceso de ley y el derecho a un juicio justo e imparcial.

Asimismo, el peticionario hace hincapié en que no ha tenido oportunidad de escuchar, ni conocer la prueba en su contra en ninguna de las etapas previas al juicio. Añade que tampoco ha tenido la oportunidad de leer alguna declaración jurada de los testigos. Ante ello, entiende que procede la desestimación de la acusación concernida porque su contenido imputa un delito diferente y mayor, el cual no fue autorizado por el magistrado de la determinación de causa en vista preliminar.

De otra parte, el recurrido reconoce que, por error, en el título de la acusación se señaló la palabra "tentativa". A pesar de ello, razona que el contenido de la denuncia y la acusación presentada en contra del peticionario contiene todos los elementos del delito de apropiación ilegal agravada, según tipificado en el Código Penal. Es decir, que en la acusación consta que los hechos en efecto se consumaron, por lo que no se trató de una tentativa. Añade que el mero hecho de que se tituló la acusación como tentativa es insuficiente para el remedio procurado por el peticionario, al entender que el contenido cumple con la exposición de los hechos esenciales constitutivos del delito de apropiación ilegal agravada. Además, reitera que lo anterior constituye un error de forma que es subsanable mediante enmienda, con el único objetivo de corregir el título de la acusación. Subraya que ello no afecta los derechos sustanciales del peticionario, ni altera la notificación adecuada que hizo la acusación desde el inicio de la acción penal. Acentúa que el peticionario renunció a la vista preliminar voluntaria e inteligentemente, por lo que hubo una determinación válida de causa probable y no es necesario que ésta se celebre nuevamente. En esa dirección, añade que la determinación de causa probable versa sobre los hechos imputados y los elementos del delito, los cuales en este caso se mantuvieron igual en la acusación enmendada.

Ponderadas ambas posturas, así como el expediente del caso, colegimos que le asiste la razón al recurrido y el TPI no incidió en error alguno.

La enmienda en cuestión no es adversa a los intereses del peticionario. Aunque bajo títulos distintos, la acusación original y la enmendada exponía en el cuerpo o contenido los mismos elementos del delito, constitutivos con la tipificación de la apropiación ilegal agravada. Es decir, desde la denuncia se le notificó e informó al peticionario que el delito por el cual se inició el proceso judicial en su contra fue por el de apropiación ilegal agravada. La enmienda no procuraba cambiar los hechos por los cuales se denunció al peticionario, sino únicamente eliminar una palabra del título. Además, de dicho contenido surge que el Ministerio Público denunció por un delito que alegadamente se consumó. Así, lo ocurrido en este caso se debió a un error de forma, posible de ser enmendado sin ningún perjuicio al peticionario y sin ser necesaria la celebración de una nueva vista preliminar, conforme la Regla 35 (d) de Procedimiento Criminal, *supra*.

Es pertinente esbozar que el hecho de que el peticionario renunció a la vista preliminar bajo la creencia que lo hacía por la modalidad de tentativa del delito de apropiación ilegal agravada, no provoca la ilegalidad de la enmienda solicitada por el Ministerio Público. Constituía su responsabilidad, junto a su representación legal, el leer la acusación que pesaba en su contra cuidadosamente, previo a dicha acción. Nótese que la enmienda autorizada no establece un delito nuevo, ni requiere prueba nueva.

Por entender que mediante el pronunciamiento impugnado no se trastocó el derecho al debido proceso de ley del peticionario, así como tampoco se le causó algún perjuicio, determinamos no expedir el auto de *certiorari* solicitado.

## IV.

Por las consideraciones que anteceden, denegamos la expedición del auto de *certiorari*. Se devuelve el caso al foro *a quo* para la continuación de los procedimientos.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

La Jueza Rivera Marchand disiente mediante opinión escrita.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>MIGUEL A. MÉNDEZ ROMÁN<br><br>Peticionario | KLCE202401357 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.:<br>D ST2023G0014<br>D BD2023G0179<br><br>Sobre:<br>Art. 222 CP;<br>Tent. Art. 182 CP |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

## VOTO DISIDENTE DE LA JUEZA RIVERA MARCHAND

En San Juan, Puerto Rico, a _13_ de marzo de 2025.

Respetuosamente disiento de la determinación mayoritaria. En esencia, el foro primario y la mayoría de nuestro panel concluyen que, procede la eliminación de la palabra "tentativa" del pliego acusatorio por ser un "error de forma", según lo autoriza la Regla 38 de las Reglas de Procedimiento Criminal 34 LPRA Ap. II, R. 38. Lo antes, a pesar de que, mediante la *Resolución* del Tribunal de Primera Instancia (correspondiente a la vista preliminar), dicho foro consignó y autorizó la presentación del cargo "CP Art. 182 Tentativa Grave (2012)."

De un estudio del derecho procesal y sustantivo aplicable, en consulta con el cuadro fáctico que surge del expediente ante nos y de lo informado por tratadistas en la materia, colegimos que, procede primero definir en qué consiste la tentativa; si su inclusión en la *Resolución* del foro primario y, así como en la acusación, responde a un error de forma o resulta ser un asunto sustantivo que

obliga una nueva lectura de acusación, en aras de garantizar los derechos constitucionales del acusado y el debido proceso de ley.

El Artículo 35 del Código Penal de 2012, 33 LPRA sec. 5048, dispone lo siguiente: "Definición de la Tentativa: Existe tentativa cuando la persona realiza acciones o incurre en omisiones inequívocas e inmediatamente dirigidas a iniciar la ejecución de un delito, el cual no se consuma por circunstancias ajenas a su voluntad." De lo antes resulta evidente que, el Código Penal de 2012 establece unos requisitos o elementos objetivos y subjetivos de naturaleza sustantiva que son: 1) la realización de una acción u omisión idónea o adecuada; 2) dirigida de modo intencional e inequívoco -sin duda alguna- a cometer un delito; 3) que constituya la fase inmediatamente anterior o el primero de los actos exigidos por el tipo; y 4) un resultado que no se ha verificado o consumado por causas ajenas a la voluntad del actor. D. Nevares-Muniz, *Código Penal de Puerto Rico Comentado*, 4ta ed., San Juan, 2019, págs. 74-77; L.E. Chiesa Aponte, *Derecho Penal Sustantivo*, 2da ed., San Juan, Pubs. JTS, 2013, págs. 203-217. *Lecciones Derecho Penal*, Ruth E. Ortega-Vélez, Ediciones Situm 2022, págs. 49-51 y *Pueblo v. Carmona Rivera*, 143 DPR 907 (1997).

Además de establecer dichos elementos, el Código Penal de 2012, *supra,* dispone una pena específica distinta para la tentativa. Mediante el Artículo 36 del Código Penal de 2012, 33 LPRA sec. 5049, dispone que:

> "[t]oda tentativa de delito grave conlleva una pena igual a la mitad de la pena señalada para el delito consumado, no pudiendo exceder de diez (10) años la pena máxima de la tentativa. Toda tentativa de delito que conlleve una pena de reclusión por un término fijo de noventa y nueve (99) años, conlleva una pena de reclusión por un término fijo de veinte (20) años."

Añádase a ello que, el *Libro de Instrucciones al Jurado* del Poder Judicial de Puerto Rico, presentado en marzo de 2021, actualizado en febrero de 2022, expresamente indica que procede instruir al jurado sobre cómo aquilatar la prueba presentada para

que se configure un delito de tentativa cuyos elementos son distintos a los elementos del delito al cual se refiere de forma principal.[1]

De lo antes concluimos que, el Código Penal de 2012, *supra*, establece, de manera clara y evidente, la naturaleza sustantiva de la formulación de cargos en su modalidad de tentativa y la real consecuencia en la pena, a la cual se expone un acusado de un delito específico en comparación con la tentativa. Tan es así que se obliga instrucciones especiales al jurado que tenga a su cargo aquilatar la prueba en un caso que versa sobre dicha modalidad. Con ello en mente y atinente al recurso ante nos, corresponde justipreciar el procedimiento seguido en este caso para determinar si el foro primario incidió en su proceder. A esos efectos, resaltamos el tracto procesal.

Según surge del expediente, el 18 de abril de 2023, se presentó la boleta de la Fiscalía del Distrito de Bayamón. En esta, se autorizó someter ante un magistrado (mediante una "Denuncia") un cargo por "Tentativa Grave" (2012) Enmienda 2017 y un cargo por el "Art. 222 Grave" (2012) contra el señor Miguel Ángel Méndez Román.[2] El foro primario halló causa probable para el arresto por los delitos imputados antes citados y se ordenó la celebración de una vista preliminar. El día de la vista preliminar, el 17 de agosto de 2023, el acusado presentó una renuncia a la vista preliminar. Cabe destacar que, surge del formulario OAT 940 *Renuncia del (de la) Acusado(a) a Vista Preliminar*, la inclusión y referencia al Art. 223 y a la Tentativa Art. 182. Además, a manuscrito se observa lo siguiente: "Preacuerdo de archivo si restituye $24,000 en cheque de gerente."[3] Lo antes, fue acogido por el foro primario mediante *Resolución Vista Preliminar Regla 23 de Procedimiento Criminal*. De la referida *Resolución* surge lo siguiente: La vista preliminar en este caso estaba señalada para el 17 de agosto de 2023, a las 9:30 am y

---

[1] Véase, págs. 84-88.
[2] Apéndice, pág. 9.
[3] Apéndice, pág. 14.

luego de...renuncia por escrito... [e]l (La) Juez(a) determina que existe causa probable para creer que el (la) imputado(a) ha cometido los siguientes delitos: CP Art. 223 grave (2012) CP Art. 182 Tentativa Grave (2012). De ahí, el foro primario señaló la celebración de la lectura de acusación a celebrarse, el 14 de septiembre de 2023 y el juicio a celebrarse, el 17 de octubre de 2023.[4]

Al día siguiente, el Ministerio Público presentó una acusación y certificó que la misma está basada en causa probable determinada por el Magistrado. Nuevamente, se indicó que, el Art. 182 era en la modalidad de tentativa.[5]

Durante la vista sobre la lectura de acusación, el tribunal notificó en corte abierta que, las acusaciones presentadas no estaban conforme a la determinación del Tribunal en la vista preliminar y le concedió un término al Ministerio Fiscal para presentar una acusación enmendada.[6]

Así las cosas, e iniciado el juicio con la juramentación de los primeros candidatos al jurado, el 8 de abril de 2024, el Ministerio Público presentó una solicitud de enmienda a las acusaciones al amparo de la Regla 38(a) de Procedimiento Criminal, 34 LPRA Ap. II, R. 38(a). Arguyó que, procedía la enmienda porque se trataba de un error de forma.[7] Lo antes, al amparo del inciso (d) de la Regla 35 de Procedimiento Criminal, 34 LPRA Ap. II, R. 35. Añadió que, en la Regla 36, se establece lo que constituye un defecto de forma. 34 LPRA Ap. II, R. 36. Esgrimió que, haber incluido el Art. 223, en lugar del Art. 222, así como, la palabra tentativa en el título de la Denuncia y de la Acusación eran defectos de forma, que procedía enmendar porque estos no perjudicarían los derechos sustanciales del acusado.

Pendiente lo anterior, el 10 de abril de 2024, el acusado, aquí peticionario, representado por la Sociedad para la Asistencia Legal,



---

[4] Apéndice, págs. 15-16.
[5] Apéndice pág. 18.
[6] Apéndice, pág. 21, *Moción solicitando enmienda a la acusación al amparo de la Regla 38 de Procedimiento Criminal.*
[7] Apéndice, págs. 20-25.

instó una *Moción sobre Enmienda de Pliego Acusatorio*. En esta, señaló lo siguiente:

1. El juicio en el caso del epígrafe está señalado para el 11 de abril de 2024 en el Salón de Sesiones 705 de este Honorable Tribunal, con la continuación de la desinsaculación del proceso que se ventila ante jurado.
2. De conformidad con las disposiciones de la Regla 64 de las de Procedimiento Criminal, 34 LPRA Ap. II, inciso (i), el Ministerio Público carecía de autoridad para radicar el pliego acusatorio por el delito de Art. 182 del Código Penal de 2012.
3. Solicitamos respetuosamente de este Honorable Tribunal ordene la enmienda al pliego acusatorio, a los fines de que impute el delito de Art. 182 del Código Penal en su modalidad de tentativa, según autorizado en la vista de determinación de causa probable para acusar.
4. Habiéndose leído en dos ocasiones el pliego acusatorio a los candidatos a jurado, 10 de los cuales ya han sido escogidos como jurados en propiedad, solicitamos se les lea el nuevo pliego acusatorio enmendado y se les explique la razón de dicha enmienda.[8]

Lo antes, fue sustentado por el acusado en un memorando de derecho, el 29 de mayo de 2024. Evaluado lo anterior, el TPI emitió el dictamen recurrido, mediante el cual, autorizó la eliminación de la palabra tentativa por ser un error de forma. Oportunamente, el acusado solicitó reconsideración, la cual fue denegada por el TPI.

Insatisfecho, el señor Méndez Román acude ante esta Curia y la mayoría de este panel deniega la expedición del auto de *certiorari*, por entender en esencia que, la enmienda no altera la exposición de hechos y que era la responsabilidad del acusado, junto a su representación legal, leer la acusación que pesaba en su contra cuidadosamente, previo a renunciar a la vista preliminar.

Distinto a lo expuesto, consideramos que el acusado y su representación legal no se cruzaron de brazos, toda vez que, oportunamente presentaron la antes citada *Moción sobre Enmienda de Pliego Acusatorio*. Ello, en respuesta a las propias instrucciones del foro primario que, alertó durante el acto de la lectura de acusación que, la Acusación sometida por el Ministerio Público no correspondía a la determinación emitida en la vista preliminar por el foro primario.[9]

---

[8] Apéndice, págs. 26-27.
[9] Apéndice, pág. 21, *Moción solicitando enmienda a la acusación al amparo de la Regla 38 de Procedimiento Criminal*

Si bien es cierto que, la exposición de los hechos esenciales de la denuncia y la posterior acusación no fueron enmendadas porque se dieron por leídas, pendiente a un preacuerdo (el cual surge de la propia renuncia a la vista preliminar), no hace menos cierto que, la *Resolución* del foro primario tras la celebración de la vista preliminar, sólo autoriza la presentación de una Tentativa del Art. 182 que por su naturaleza resultaría en una pena menor solo si se prueba los elementos antes señalados. Como se sabe, el Ministerio Público únicamente está autorizado a presentar un pliego acusatorio que sea cónsono con la *Resolución* emitida por el Tribunal de Primera Instancia al amparo de la Regla 23 de las Reglas de Procedimiento Criminal, 34 LPRA Ap. II, R. 23.[10]

Ante este cuadro fáctico colegimos que, la eliminación de la palabra tentativa que, a su vez, es reconocida como una modalidad de un delito, cuyos elementos son distinguibles, según ha sido reconocido en nuestros precedentes judiciales, no resulta igual a la corrección de una cita. A pesar de que el delito de tentativa es dependiente de otro en el sentido de que sus elementos están referidos a algún delito especial descrito en ley, no por eso deja de ser un título de delito autónomo y jurídicamente distinto del delito que se intentó cometer sin éxito. *Pueblo v. Reyes Carrillo*, 207 DPR 1056, 1067-1068 (2021).

El foro primario incidió en su proceder al no conceder la oportuna solicitud de enmienda presentada por el acusado. La presunta corrección de un defecto de forma en este caso no subsana la evidente violación a un debido proceso de ley ante la falta de notificación adecuada del delito imputado en contra del señor Méndez Román. Por todo lo antes, concluimos que, la eliminación de la palabra "tentativa" resulta ser un cambio sustantivo, cuyas consecuencias sustanciales atentan en contra de los derechos

---

[10] Cabe señalar que, el TPI corrigió la cita correspondiente al Artículo 222 y Artículo 223.

constitucionales del acusado y no un mero error de forma, por lo que, procede un nuevo acto de lectura de acusación.

Por las razones que anteceden, respetuosamente disiento.

**MONSITA RIVERA MARCHAND**
**JUEZA DE APELACIONES**

**MONSITA RIVERA MARCHAND**
**JUEZA DE APELACIONES**